FILED
2024 Nov-13  PM 05:57
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT
# A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| I.K., a minor, by and through her parents and legal guardians, MICHAEL KIDD AND DENISE KIDD; et. al., | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | CASE NO.: 2:23-cv-01163-MHH |
| ERIC RUSH, et. al., | ) ) | |
| Defendants. | ) | |

## SECOND AMENDED COMPLAINT

## INTRODUCTION

1.      This is an action for legal and equitable relief to redress unlawful deprivation of rights of the Plaintiffs: I.K., Michael Kidd, and Denise Kidd (hereinafter "Plaintiffs"). This suit is brought to secure rights under Section 504 of the Rehabilitation Act of 1973, the Individuals with Disabilities Education Act (IDEA), the Americans with Disabilities Act, and to redress the deprivation of rights secured by the First, Fourth, and Fourteenth Amendments of the United States Constitution and gives rise to a cause of action pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985, and 42 U.S.C. § 1986, as Defendants were acting under color of state law and conspired between themselves and others to violate the Plaintiffs' civil rights.

## JURISDICTION AND VENUE

2.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. 1331, 1343(a)(3), and 1343 (a)(4). The jurisdiction of this Court over Plaintiff's state law claims is invoked pursuant to 28 U.S. Code § 1367.

3.      Venue is proper in this Court.

## PARTIES

4.      Plaintiff I.K. is a minor under the age of 19. I.K. brings this action by and through her parents and legal guardians, Michael Kidd and Denise Kidd. Plaintiff I.K. is a resident of Jefferson County and was, at all times material hereto, a student within the Trussville City School system in Trussville, Alabama.

5.      Plaintiff Michael Kidd is an adult male resident of Jefferson County, Alabama. Plaintiff Michael Kidd also brings this action on his own behalf to redress the deprivation of his rights as described herein.

6.      Plaintiff Denise Kidd is an adult female resident of Jefferson County, Alabama. Plaintiff Denise Kidd also brings this action on her own behalf to redress the deprivation of her rights as described herein.

7.      Defendant Trussville City Board of Education is a school system in the State of Alabama. As superintendents of the Trussville City Board of Education, Defendants Patricia Neill and Patrick Martin were the chief executive officers of the Trussville City Board of Education, and their acts and edicts fairly aid in

representing the official policy of the Trussville City Board of Education.

8.    Defendant Eric Rush is an adult male individual who, at all times material hereto, was the Chief of Police of the City of Trussville Police Department. As Chief of Police of the City of Trussville Police Department, Defendant Rush is responsible "for the overall supervision and administration of the Police Department. The Chief makes departmental policy and procedure, as well as overseeing personnel matters." About the Department – City of Trussville (Nov. 13, 2024), https://trussville.org/public-safety/police/about-the-department. Plaintiffs bring this action against Chief Rush in his individual capacity and in his official capacity.

9.    Defendant Robert Antonio is an adult male individual who, at all times material hereto, was a City of Trussville Police Department School Resource Officer for Cahaba Elementary School. Plaintiffs bring this action against Robert Antonio in his individual capacity and in his official capacity.

10.    Defendant City of Trussville is a municipality in the State of Alabama. Defendant Eric Rush is the police chief of the City of Trussville's Police Department, and as the head of the Police Department, his edicts and acts fairly aid in representing the official policy of the City of Trussville.

11.    Defendant State of Alabama Department of Human Resources is an agency of the State of Alabama. Defendant Britney Moman is a supervisor with the State of Alabama Department of Human Resources, and as a supervisor, her edicts

and acts fairly aid in representing the official policy of the State of Alabama Department of Human Resources.

12.    Defendant Joy Tyner is an adult female individual who, at all times relevant hereto, was the principal at Cahaba Elementary School. Plaintiffs bring this action against Joy Tyner in her individual capacity and in her official capacity.

13.    Defendant Patricia (Pattie) Neill is an adult female individual who, at times relevant hereto, was the superintendent of the Trussville City Board of Education. As superintendent, Defendant Neill served "as the chief executive officer of and secretary to the Board." Trussville City Board of Education, Board Policy Manual, Policy 2.06, available at https://simbli.eboardsolutions.com/Policy/ViewPolicy.aspx?S=36031430&revid=FgNCn0VYsUBOeuidlLslsh8ew==&ptid=wslshTWplusrMuyEXg1nsCanaL3Q==&secid=&PG=6&IRP=0&isPndg=false. Additionally, Defendant Neill was "authorized to develop and implement such lawful and reasonable rules, regulations, operating procedures, administrative directives, or like measures as are directed to compliance with legal requirements or attainment of the objects of Board policy." *Id*. Plaintiffs bring this action against Pattie Neill in her individual capacity and in her official capacity.

14.    Defendant Patrick M. Martin is an adult male individual who, at times relevant hereto, was the superintendent of the Trussville City Board of Education.

As superintendent, Defendant Martin serves "as the chief executive officer of and secretary to the Board." *Id*. Additionally, Defendant Martin is "authorized to develop and implement such lawful and reasonable rules, regulations, operating procedures, administrative directives, or like measures as are directed to compliance with legal requirements or attainment of the objects of Board policy." *Id*. Plaintiffs bring this action against Patrick M. Martin in his individual capacity and in his official capacity.

15.    Defendant Stephanie Rosetta is an adult female individual who, at times relevant hereto, was the assistant principal of Cahaba Elementary School. Plaintiffs bring this action against Stephanie Rosetta in her individual capacity and in her official capacity.

16.    Defendant Rachel Poovey is an adult female individual who, at times relevant hereto, was the Assistant Superintendent of the Trussville City Board of Education. Plaintiffs bring this action against Rachel Poovey in her individual capacity and in her official capacity.

17.    Defendant Adam Filetti is an adult male individual who, at times relevant hereto, was a City of Trussville Police Sergeant and a School Resource Officer Supervisor. Plaintiffs bring this action against Adam Filetti in his individual capacity and in his official capacity.

18.    Defendant Phil Dillon is an adult male individual who, at times relevant

hereto, was a City of Trussville Police Lieutenant. Plaintiffs bring this action against Phil Dillon in his individual capacity and in his official capacity.

19.    Defendant Jared Meads is an adult male individual who, at times relevant hereto, was the principal at Hewitt-Trussville Middle School. Plaintiffs bring this action against Jared Meads in his individual capacity and in his official capacity.

20.    Defendant Kathy Brown is an adult female individual who, at times relevant hereto, was the president of the Trussville City Board of Education Board. Plaintiffs bring this action against Kathy Brown in her individual capacity and in her official capacity.

21.    Defendant Michael Brymer is an adult male individual who, at times relevant hereto, was an attorney representing the Trussville City Board of Education. Plaintiffs bring this action against Michael Brymer in his individual capacity and in his official capacity.

22.    Defendant Laurie Morrison is an adult female who, at times relevant hereto, was the school nurse at Cahaba Elementary School. Plaintiffs bring this action against Laurie Morrison in her individual capacity and in her official capacity.

23.    Defendant Brittney Moman is an adult female who, at times relevant hereto, was a supervisor at the State of Alabama Alabama Department of Human Resources. Plaintiffs bring this action against Brittney Moman in her individual and

in her official capacity.

24.    Defendant Tanykia Foy is an adult female who, at times relevant hereto, was a case worker at the State of Alabama Department of Human Resources. Plaintiffs bring this action against Tanykia Foy in her individual and in her official capacity.

## STATEMENT OF FACTS

25.    Plaintiff I.K. (hereinafter "I.K."), at all times material hereto, was a student within the Trussville City School system. Plaintiff was a student at Cahaba Elementary School at the beginning of the events described herein.

26.    On or about January 17, 2022, I.K. was diagnosed with Type 1 diabetes and admitted to the PICU at Children's Hospital in Birmingham, Alabama, with life-threatening ketoacidosis. At the time of I.K.'s diagnosis, Plaintiffs Michael Kidd and Denise Kidd, I.K.'s parents, informed Cahaba Elementary School Principal Joy Tyner of the development in I.K.'s health. I.K. was released to normal activity by doctors on January 20, 2022.

27.    On or about January 19, 2022, Defendant Tyner informed Michael and Denise Kidd that I.K. could not return to school at Cahaba Elementary because the staff needed time to be trained regarding diabetic issues. Defendant Tyner stated she did not know how long it would take for the staff to be trained but that it would take some time since there had not been a diabetic student at the school in over two years.

Plaintiffs were later informed that this was untrue and that all staff are required to be trained annually on diabetic issues.

28.    On or about January 20, 2022, Michael and Denise Kidd provided the doctor's discharge, diabetes medical management plan (DMMP), and insulin dosing order documents to Cahaba Elementary for I.K.

29.    The first 504 meeting for I.K. was held on or about January 31, 2022. Defendant Rachel Poovey, the assistant superintendent of Trussville City Board of Education, led the meeting. At the meeting, the IHP and 504 accommodations for I.K. were discussed in detail, and the accommodations requested by Michael and Denise Kidd were to be included in the 504 plan and IHP.

30.    On or about February 1, 2022, Plaintiffs were provided with an IHP from Nurse Bryan at Cahaba Elementary, but it did not include I.K.'s doctor's orders and contained several mistakes, including the wrong insulin dosing information for I.K. Nurse Bryan stated that she would not accept the updated dosing instructions because it was allegedly on the wrong form, but that she would instead use the previous orders for dosing for 24 hours until a different form was received.

31.    On February 1, 2022, Plaintiffs also received the 504 plan from Ms. Osborn. However, the plan was incorrect and had been modified since the 504 meeting to the point that it did not reflect the accommodations agreed upon at the 504 meeting. The 504 plan was then further edited and modified, but none of the

drafts were accurate or complete.

32.     On or about February 2, 2022, Plaintiffs were assured by Defendant Poovey and Defendant Tyner that all documentation would be in place and correctly and accurately completed so that I.K. could return to school. Plaintiffs allowed I.K. to attend school based on these assurances in a desperate attempt to return I.K. to a normal school setting. Later that day, the Plaintiffs received the supposedly correct 504 plan and IHP. However, they were still incorrect. I.K. did not return to school the following day to ensure her health and safety because of the lack of an accurate 504 plan and IHP.

33.     On February 3, 2022, the Plaintiffs received another 504 plan and IHP, but they were again incorrect, and I.K. could still not return to school.

34.     On February 3, 2022, Plaintiffs Michael Kidd and Denise Kidd filed a complaint against Nurse Bryan with the Alabama Board of Nursing due to the failures of Nurse Bryan to properly and accurately calculate and administer the dosage of I.K.'s medicine.

35.     On February 4, 2022, Plaintiffs Michael Kidd and Denise Kidd filed a complaint with the U.S. Department of Education Office for Civil Rights and the Department of Justice regarding Cahaba Elementary School and Defendant Poovey's failure to develop an accurate and timely 504 plan and IHP for I.K.

36.     On or about February 10, 2022, I.K. returned to school after the 504

plan and IHP were finally accurate and signed. Defendant Morrison replaced Nurse Bryan and began caring for I.K. at school.

37.    On or about February 23, 2022, Nurse Copham filled in for Defendant Morrison for the day. Just before lunch, Nurse Copham texted Michael and Denise Kidd and stated that she was confused about how to compute I.K.'s insulin dosage. The calculations Nurse Copham provided to Michael and Denise Kidd were too high and would have given I.K. more insulin than she needed, which could have been life-threatening. When Michael and Denise Kidd attempted to correct Nurse Copham's calculations via text, they got no response. Michael and Denise Kidd then tried to call Nurse Copham, but she did not answer. Fearing that Nurse Copham had overdosed their daughter with insulin, Michael and Denise Kidd called 911, and the Trussville Fire Department was dispatched to the school. Michael and Denise Kidd also arrived at the school and were met by Defendant Tyner and Defendant Antonio. They began discussing the situation regarding I.K. with Defendant Tyner when Defendant Antonio accused Michael and Denise Kidd of being uncivil. At no point during the discussion were Michael and Denise Kidd uncivil, threatening, hostile, or yelling towards any staff member or Principal Tyner. In fact, Defendant Antonio completed an entirely fabricated incident report supporting the trespass. The falsified report contained untrue allegations against Plaintiffs Michael and Denise Kidd, stating, among other things, that the Kidds would "quickly become agitated," were

"prone to accuse," and had "become more boisterous during previous meetings." The report further falsely stated that Michael Kidd was "accusing Tyner in a loud voice" and that the Kidds were "interrupting and disturbing" other parents coming into the school and further falsely described Michael Kidd as being "irate." In the incident report, Defendant Antonio presented the entire incident in a false light in an effort to justify the wrongful and unlawful trespass against Michael Kidd. Plaintiffs have attached a recording of the incident described in the February 24, 2022, incident report.

38.    Later that day, on February 23, 2022, Plaintiffs Michael and Denise Kidd went to the Trussville Police Department to make a formal complaint against Defendant Antonio for his unwarranted and unprofessional behavior towards them. However, they were required to leave their names and phone number to have Defendant Antonio's supervisor contact them to make the complaint. The following day, Michael Kidd completed the formal complaint against Defendant Antonio for his behavior towards Plaintiffs on February 23, 2022.

39.    On or about February 24, 2022, Defendant Morrison contacted Michael and Denise Kidd to inform them that I.K. was low on snacks and water needed to help control I.K.'s blood glucose levels. Michael Kidd stated he would replenish I.K.'s snacks the following day. This text from Defendant Morrison was simply a deceptive scheme developed by Defendant Morrison and others within the City of

Trussville and Trussville City Board of Education to have Michael Kidd return to the school the following day as I.K. was not, in fact, out of snacks.

40.     On or about February 25, 2022, when Plaintiff Michael Kidd arrived at the school with I.K.'s snacks, Defendant Antonio and Defendant Tyner met him on the sidewalk adjacent to the parking lot and ordered him to stop and place the snacks on the ground. Defendant Tyner informed Michael Kidd that she had requested that he be banned from the school property due to an alleged fear for the safety of her staff. Defendant Antonio also stated that Michael Kidd had been trespassed from the school and would be arrested if he returned to the school property. This trespassing and ban from the school was completely meritless and unwarranted.

41.     This trespassing against Michael Kidd was done in retaliation for Michael and Denise Kidd's advocacy on behalf of I.K. and for asserting their rights under federal law.

42.     Following the February 23, 2022, incident, the unlawful trespass against Michael Kidd, and the formal complaint by the Kidds against Defendant Antonio, the Trussville City Board of Education and Defendant Antonio began to further retaliate against the Plaintiffs by singling out the Plaintiffs and requiring them to adhere to a different school drop off procedure than the rest of the student body. Plaintiffs were forced to have Officer Antonio stop them in a parking lot off school property and personally escort I.K. into the school building for no apparent reason

other than to intimidate Plaintiffs for asserting their rights under federal law. Plaintiffs were also forced to park next to Officer Antonio's squad car. These revised procedures only served to further intimidate Plaintiffs for exercising their rights under federal law.

43.     Beginning on February 25, 2022, after Plaintiff Michael Kidd was trespassed from the school, Defendant Morrison stopped communicating via text with Plaintiffs Michael and Denise Kidd, which became concerning for the Plaintiffs since Defendant Morrison was keeping them regularly updated about I.K.'s daily care.

44.     On February 28, 2022, I.K. called Michael and Denise Kidd to ask a question about her snack. Defendant Morrison then spoke with Michael and Denise Kidd and informed them that the school administration had taken her school-issued cell phone and that she could no longer text them as she had previously.

45.     On March 2, 2022, I.K. texted Michael and Denise Kidd from school that her blood glucose level was 342 and that she had a ringing in her ears. Plaintiffs then called the nurse's office to have them check on I.K., but the call went to voicemail. Plaintiffs then called the school secretary to have them put in contact with the nurse. Plaintiffs were informed that a substitute nurse was filling in for Defendant Morrison that day. Plaintiffs were unaware if the substitute nurse had received and reviewed I.K.'s 504 plan or IHP, as required prior to acting as a substitute nurse.

Due to I.K.'s elevated blood glucose levels, Denise Kidd had to leave work and check her out of school for the day. I.K. informed Michael and Denise Kidd that her teacher told I.K. she could not text her parents from the classroom and could only do so in the nurse's office. This violated I.K.'s 504 plan, which allowed I.K. to use her phone at any time or place for diabetes management.

46.    On or about May 10, 2022, I.K.'s Constant Glucose Monitor (CGM) was experiencing a technical problem. Michael and Denise Kidd were texting with I.K. to restore functionality when the librarian told I.K. to stop texting and put her phone away in violation of I.K.'s 504 plan. I.K.'s last text to Michael and Denise Kidd informed them of the librarian's actions. I.K.'s phone monitors I.K.'s CGM and is considered a medical device. When Michael and Denise Kidd stopped receiving communication from I.K., they became concerned and called the front office to ask Defendant Rosetta for assistance but were unable to speak with Defendant Rosetta. Instead of contacting Michael and Denise Kidd, Defendant Rosetta removed I.K. from the library and took I.K. to the teacher's lounge, where she told I.K. to ignore Michael and Denise Kidd's texts, violating I.K.'s 504 plan. Defendant Rosetta then questioned I.K. if her texts appeared onscreen if I.K.'s phone was locked. I.K. told Defendant Rosetta they did not. Defendant Rosetta then took I.K.'s phone away from her and turned the phone towards I.K.'s face in an attempt to unlock it and view or search the contents of the phone in violation of I.K.'s rights

under the Fourth Amendment of the Constitution of the United States. Defendant Poovey and Defendant Pattie Neill were made aware of the violation. Defendant Poovey ignored the violation, and Defendant Neill took no action other than referring Plaintiffs to the school attorney, Defendant Brymer.

47.    On or about May 10, 2022., Defendant Rosetta told Michael Kidd that he could not attend a field trip scheduled for May 17, 2022, to Montgomery with I.K. because Michael Kidd had been trespassed from the Cahaba Elementary School campus, and the field trip was considered an extension of the Cahaba Elementary School campus.

48.    On or about August 9, 2022, Plaintiffs emailed Defendant Kathy Brown to formally complain about the retaliatory trespass of Michael Kidd and request the assistance of Defendant Brown in resolving the issues. Defendant Brown responded that the board of education does not get involved in the decisions of principals and referred Plaintiffs to the school attorney, Defendant Brymer.

49.    On or about August 10, 2022, I.K.'s treatment for Type 1 diabetes changed, and I.K. began to use an insulin pump for the management of her blood sugar levels. Accordingly, Plaintiffs requested that the Trussville City Board of Education hold a 504 meeting to create an updated 504 plan and IHP. At the beginning of the 2022-2023 school year, Plaintiffs advised Defendant Rosetta. Defendant Rosetta assured the Plaintiffs that I.K.'s 504 plan and IHP would be

updated immediately once school began, so the Plaintiffs allowed I.K. to begin the school year on August 12, 2022.

50.    However, on or about August 19, 2022, I.K.'s blood glucose level rose to a dangerously high level of 349. Nurse Bonner, the nurse at Cahaba Elementary School, should have been immediately aware of this because Plaintiffs provided her access to I.K.'s CGM via a blood glucose monitoring app. However, her response to this rise in I.K.'s blood glucose level was delayed, and I.K.'s dose of insulin was delayed, putting I.K. at serious risk. Michael Kidd emailed Nurse Bonner and I.K.'s teacher about the emergency, but they did not respond. He then called the nurse's office, but the call went to voicemail. Not being able to reach the school nurse or I.K.'s teacher, Michael Kidd called the front office and advised Ms. Estell of the emergency and told her that if he did not receive word that I.K. was being cared for quickly, he would be forced to send medics to ensure I.K.'s safety. Ms. Estell told Michael Kidd that she would try to locate the nurse. Following this conversation, no one from the Trussville City Board of Education contacted Michael Kidd, and he was forced to have medics dispatched to the school to care for I.K. because he was still wrongfully trespassed from Cahaba Elementary School and would be arrested if he arrived to care for I.K. himself. Michael Kidd then went to the required off-campus location to check I.K. out of school to care for her medical needs. Defendants Stephanie Rosetta and Robert Antonio came to his vehicle. Defendant Rosetta

provided no plausible explanation for why I.K.'s insulin dose was delayed. When Michael Kidd asked Defendant Rosetta when the trespass would be lifted, Defendant Rosetta said she did not see the trespass being lifted "anytime soon because of days like today" and because of Michael Kidd's "tone." The "days like today" referenced by Defendant Rosetta were simply attempts by Plaintiffs to ensure the health and safety of their daughter in light of Defendants' inaction, deliberate indifference to I.K.'s welfare, and failure to comply with federal law. Due to this failure and the danger presented to I.K. due to the failure of the Trussville City Board of Education to update and finalize I.K.'s 504 plan and IHP, the Plaintiffs were forced to remove I.K. from school. After this incident, Plaintiffs repeatedly requested that the Trussville City Board of Education coordinate to provide I.K. with an updated 504 plan and updated IHP. However, Defendant Rosetta continually distributed incorrect and incomplete documents presented as a completed 504 plan and IHP.

51.    On or about August 22, 2022, Plaintiffs filed an Americans with Disabilities Act (ADA) complaint with the Trussville City Board of Education via Defendant Poovey, Trussville City School's ADA coordinator, utilizing the Trussville City Board of Education internal complaint process as provided in the Trussville City Board of Education policy manual. Defendant Poovey repeatedly promised to meet with Plaintiffs to address the ADA complaint but ceased communicating with Plaintiffs and never addressed the complaint. During a later

meeting with Defendant Poovey and Defendant Martin on April 19, 2023, Defendant Poovey told Plaintiffs that she did not investigate the ADA complaint and ceased communicating at the direction of her "former boss." At the time of such direction, Defendant Poovey's boss was Defendant Neill. As superintendent, Defendant Neill's continued inaction and refusal to take action to accommodate I.K. properly and investigate Plaintiffs' complaints indicates that it is the policy and practice of the Trussville City Board of Education to not provide its students with proper accommodations, investigate complaints regarding those failures to provide accommodations, and retaliate those who assert their rights under federal law and the Constitution.

52.    On or about August 23, 2022, Plaintiffs filed a second complaint with OCR for the continued violations of Section 504 regarding I.K.'s attendance at Cahaba Elementary School for the 2022-2023 school year.

53.    On or about September 1, 2022, Plaintiffs received a call from Trussville Police Department Chief Defendant Eric Rush. Defendant Rush asked about an e-mail Michael and Denise Kidd sent to the Trussville City Board of Education regarding I.K.'s 504 plan and IHP. During the call, Michael Kidd asked Defendant Rush why Defendant Filetti was listed as the reporting officer on the trespassing report when Defendant Filetti was not on the scene. Defendant Rush answered, "That's not how I told them to do it," indicating that he conspired with

Trussville Police Lieutenant Defendant Dillon, Defendant Filetti, Defendant Antonio, Defendant Tyner, Defendant Neill, and others to retaliate against and violate the rights of the Plaintiffs. Defendant Rush's representation that "That's not how I told them to do it," as Chief of the Trussville Police Department also indicates that it is the policy and practice of the City of Trussville to conspire within the Police Department and other City of Trussville entities, including the Trussville City Board of Education, to retaliate against those who assert their rights under federal law.

54.    On or about September 5, 2022, Plaintiffs received a second phone call from Defendant Rush concerning an interaction Michael Kidd had with I.K.'s teacher at a middle school football game in another jurisdiction. At the football game, while Plaintiffs were approaching the stands, I.K.'s teacher, Stephanie Wilkerson, asked Michael Kidd, "How are you doing?" and Michael Kidd responded, "Aggravated. I would be less aggravated if people would do their jobs." This was the entirety of the interaction between Michael Kidd and the teacher. During the phone call, Defendant Rush implied that the Plaintiffs should stop filing complaints. Defendant Rush then threatened that Michael Kidd would be trespassed from all Trussville City Board of Education locations, which would prevent Michael Kidd from attending their son's athletic events, and that Michael Kidd would be arrested "on the spot" if he violated the trespass. Defendant Rush further stated that he would make the Plaintiffs' lives miserable and that if the Plaintiffs go up against

the Trussville Police Department, then Plaintiffs would "lose every time." Upon information and belief, Plaintiffs believe that Defendant Rush became involved in Plaintiffs' communications with Trussville City Board of Education because Trussville Police Department Sergeant Rosetta's wife, Defendant Stephanie Rosetta, works for Trussville City Board of Education as a vice principal and 504 Coordinator. Defendant Rush's September 5, 2022, phone call, as Chief of the Trussville Police Department, to Michael Kidd also indicates that it is the policy and practice of the City of Trussville to intimidate and threaten those who assert their rights under federal law and the Constitution of the United States.

55.    On or about September 7, 2022, The Trussville Tribune Newspaper published a story about the Plaintiffs' OCR complaint against the Trussville City Board of Education on their website and social media. Within the social media comments, Plaintiffs found that I.K.'s teacher, Stephanie Wilkerson's, sister, Stacy McSweeny Esco, published comments that contained private information about I.K.'s accommodations. As I.K.'s 504 accommodations information is protected information, Plaintiffs belief is that Stephanie Wilkerson shared federally protected information with her sister. Stacy McSweeney Esco made additional false comments that Plaintiffs had made death threats against teachers and that teachers feared for their lives and required a police escort to their vehicles.

56.    On September 22, 2022, Plaintiff Michael Kidd attended and spoke at

a Trussville City Council meeting wherein he detailed to the City Council the above allegations and mistreatment of I.K. in failing to have a proper 504 plan in place for I.K. to attend school. Plaintiff Michael Kidd made the council aware of the issues surrounding I.K. and called for the removal of Defendant Neill. No action was taken as it relates to I.K. by the City of Trussville or the Trussville City Council following this meeting and Michael Kidd's remarks at the meeting. The City's failure to act and remedy the mistreatment of Plaintiffs by its school system and department head, Defendant Rush, despite their knowledge of such mistreatment constitutes deliberate indifference by the City of Trussville.

57.    On or about October 13, 2022, Plaintiffs filed complaints with the Alabama Department of Education against multiple TCS personnel for violations of The Alabama Educator Code of Ethics. Defendant Poovey later told Plaintiffs that she was aware of the complaints but had been instructed by Defendant Neill not to investigate them. Mr. James R. Ward, Associate General Counsel, Office of General Counsel, Alabama Department of Education, called the Plaintiffs regarding the ethics complaints but only wanted to discuss the OCR complaint and the trespass of Michael Kidd and stated if OCR returned a finding against Trussville City Board of Education, he might investigate the ethics complaints.

58.    Throughout the 2022-2023 school year, the Trussville City Board of Education continually refused to provide I.K. with an updated 504 plan and IHP to

allow her to return to school. Plaintiffs regularly emailed the appropriate Trussville City School employees to schedule the meeting and finalize an updated 504 plan and IHP. However, Plaintiffs' requests were ignored. Eventually, Plaintiffs received an email from Defendant Brymer, representing the Trussville City Board of Education, telling Plaintiffs to cease communicating directly with Trussville City Board of Education staff and to only communicate with Trussville City Board of Education personnel through his office. Because of Defendant Brymer's direction, the inaction and deliberate indifference of the City of Trussville, Trussville City Board of Education, all Defendants, and their representatives with regard to I.K.'s welfare continued. Defendant Brymer's direction also served as further retaliation against Plaintiffs for asserting their rights under federal law by preventing Plaintiffs from even contacting I.K.'s teachers regarding homework and online assignments, eliminating Plaintiffs' ability and right to be involved in I.K.'s education, preventing I.K. from receiving any education, and even preventing Plaintiffs from communicating with their son's teachers and coaches at Hewitt Trussville Middle School regarding unrelated matters.

59.    It was not until February 23, 2023, that a meeting was held for I.K. at the office of the Trussville City Board of Education's attorney, Defendant Brymer. Interim Superintendent Frank Costanzo, Defendant Poovey, the Plaintiffs, and their advocate were in attendance. Trussville City Board of Education agreed to provide

a teacher for I.K. as a homebound student. Interim Superintendent Frank Costanzo stated the district would have difficulty finding a teacher because, as he put it, "they're scared of y'all." Trussville City Board of Education agreed to have this teacher service in place by a certain date yet failed to do so. Defendant Poovey told Plaintiffs that I.K. could not take the ACAP state test as a homebound student. Plaintiffs later learned that this was untrue. Interim Superintendent Frank Costanzo also agreed to file a supplemental report with Trussville Police Department removing the trespass against Michael Kidd but instead sent a letter to Defendant Rush requesting the trespass be removed based on a "communication plan" that would limit Plaintiffs' contact with TCS. This plan would require the Plaintiffs to filter all communications through the Plaintiffs' advocate. This "communication plan" only served to further retaliate against Plaintiffs as it placed restrictions on Plaintiffs with which no other Trussville City Board of Education parents were required to comply, and Plaintiffs refused to sign.

60.    On or about April 19, 2023, another meeting was held wherein an addendum to the 504 plan was created to provide for an at-home teacher for I.K. Defendant Martin, Defendant Poovey, at-home teacher Heidi Wells, and Plaintiffs were in attendance. However, I.K. was severely behind in many subjects due to the failure and refusal of the Trussville City Board of Education to comply with federal law and provide I.K. with accommodations, causing I.K. to miss the entirety of the

2022-2023 school year at Cahaba Elementary School. The Trussville City Board of Education also failed to meet timelines and provide the services agreed upon in the addendum. Additionally, despite Defendants' continued failures to comply with federal law and retaliation against Plaintiffs, Defendant Martin told Plaintiffs Michael and Denise Kidd at this meeting, "I think we've accommodated her enough."

61.    At the end of the 2022-2023 school year, there were several events at I.K.'s school that I.K. wanted to attend with her classmates. However, there were several unnecessary and retaliatory limitations placed on I.K.'s attendance by the Trussville City Board of Education that severely limited and/or prevented her ability to participate, including separating I.K. from her classmates on "slushy" day and only allowing her to pick up her slushy from the front office. When Michael Kidd stated that he would be able to be in the classroom in case I.K. had a medical emergency, Defendant Martin denied Michael Kidd's request for accommodation.

62.    On or about July 18, 2023, Plaintiffs Michael and Denise Kidd, as well as their attorney, attended a meeting to address the 504 plan, IHP, and an Individual Education Plan (IEP) referral for I.K. for the 2023-2024 school year. During this meeting, Plaintiffs provided Defendant Poovey a letter from several of I.K.'s healthcare professionals stating that I.K. would require additional support from her in-home teacher during school to transition successfully into a normal classroom

environment. Plaintiffs advised Defendant Poovey that the letter was to be considered highly confidential and should not be disseminated to anyone without Plaintiffs' express written consent, to which Defendant Poovey agreed. A Children's Hospital of Alabama Educator attended via telephone and concurred with the recommendations of I.K.'s healthcare professionals. At the end of the meeting, Defendant Poovey stated she would have to take the requests of Plaintiffs and the recommendations of I.K.'s healthcare professionals back to Defendant Martin and the Trussville City Board of Education attorney, Defendant Michael Brymer, for approval. The Individuals with Disabilities Education Act (IDEA) requires that a Local Education Agency (LEA) representative with decision-making authority and a teacher familiar with I.K. attend all IEP meetings.

63.    On or about July 31, 2023, another meeting was held to finalize I.K.'s 504 plan and IHP. Defendant Martin and attorney Leslie Allen attended. Both had their own copies of I.K.'s confidential letter, in violation of HIPAA and FERPA. They refused to follow the recommendations of I.K.'s healthcare professionals even after I.K. 's at-home teacher offered to provide services free of charge. Defendant Poovey and Special Education Supervisor Cheryl Guilbeau concurred with Defendant Martin's decision to deny I.K. services.

64.    Plaintiffs believe that I.K. was promoted to 6th grade so that she and her parents no longer had reason to attend Cahaba Elementary School. Furthermore, I.K.

was not taught Social Studies or Science. The in-home teacher was forced to focus on mathematical teachings because I.K. had not been properly taught all mathematical concepts since 1st grade.

65.    On or about August 7, 2023, I.K. was supposed to attend 6th-grade orientation with her peers independent of Plaintiffs. However, the Trussville City Board of Education had not met several requirements contained in I.K.'s 504 plan and had not provided I.K. with an IHP, so Michael Kidd was forced to attend Orientation with I.K. to ensure her health and safety.

66.    On or about August 10, 2023, I.K. was supposed to start the 2023-2024 school year at Hewitt Trussville Middle School. However, the Trussville City Board of Education still had not complied with the 504 plan and IHP plan requirements in order to protect I.K.'s health and safety due to her type 1 diabetes, and I.K. was unable to return to school.

67.    On or about August 11, 2023, Michael and Denise Kidd notified the school that I.K. would not be attending school due to diabetic issues, and Defendant Martin responded with the following statement: "We will move forward accordingly. We hope to see [I.K.] at school on Monday, but if not, you know our next steps." The Plaintiff's believe that Defendant Martin was threatening them with truancy, a criminal charge in Alabama. The following day, August 12, 2023, Defendant Martin sent an email with the school policy for absenteeism even though

I.K.'s 504 plan states being late or absent cannot be counted against her.

68.    A second 504 meeting was held on or about August 21, 2023, and the parties agreed to certain terms for I.K.'s return to school for the 2023-2024 school year. I.K. returned to school on August 23, 2023.

69.    On August 25, 2023, I.K.'s third day in school, I.K.'s blood glucose rose above 250, causing I.K.'s monitor alarm to sound and require attention. During this time, I.K.'s Collaborative Special Education Teacher, Lizzy Friday, provided I.K. with a hand-written assignment (different from the rest of the students in the class) and also gave I.K. the answer key to the assignment and asked I.K. to complete the assignment for the class in this manner. This requirement for I.K. to complete assignments when her blood glucose levels were dangerously high is a violation of I.K.'s 504 plan and IHP. At the time of this violation, Lizzy Friday had not reviewed I.K.'s 504 plan and IHP as required.

70.    On August 25, 2023, I.K. began experiencing diabetic issues that prevented her from completing school assignments and required that she visit the school nurse for help with diabetes management. I.K. was sent to the nurse's office for treatment of high blood glucose alone and without an adult escort trained in Tier I diabetes care, which placed I.K.'s health and safety at risk and is a violation of I.K.'s 504 plan and IHP.

71.    After school on August 25, 2023, Plaintiffs received a call from

Defendant Jared Meads accusing I.K. of using her phone for social media while at school and asking Plaintiffs to address the accusation with I.K. Plaintiffs spoke with I.K. about the accusation, and I.K. denied being on social media. Plaintiffs checked I.K.'s phone and discovered no social media use during school. This caused I.K. to become upset and discouraged the use of I.K.'s phone for diabetes management while at school, which is a violation of I.K.'s 504 plan and IHP. This unfounded accusation by Defendant Meads further exacerbated I.K.'s struggles with her mental health.

72.    On August 29, 2023, Plaintiffs discovered that Defendant Trussville City Board of Education was not logging I.K.'s absences due to diabetes issues as administratively approved or exempt and were instead logging I.K.'s absences as unexcused, which is a violation of I.K.'s 504 plan and IHP.

73.    Due to ongoing issues with the staff and faculty at Trussville City Board of Education and Hewitt-Trussville Middle School, including failing to adhere to I.K.'s 504 Plan and IHP, which placed I.K.'s health and safety at risk, I.K. has not been able to return to school since August 25, 2023.

74.    Plaintiffs have regularly and consistently informed the appropriate representatives of the Trussville City Board of Education that I.K. was absent from school due to diabetic issues in accordance with I.K.'s 504 plan and IHP.

75.    On September 12, 2023, an Attendance Letter of Concern was issued to Plaintiffs stating that Trussville City Board of Education coded I.K.'s absences for the 2023-2024 school year as unexcused, despite Plaintiffs' compliance with I.K.'s 504 Plan that states being late or absent due to diabetic issues will not be counted against I.K.'s attendance. Defendants refused to abide by the absentee policy as outlined in I.K.'s 504 plan and IHP, and Plaintiffs allege this refusal was an attempt by Trussville City Board of Education to give the Defendants grounds to retaliate further and charge Plaintiffs with the crime of truancy.

76.    On September 13, 2023, due to Defendants' continued retaliation against Plaintiffs for asserting their rights under federal law and failure to abide by I.K's 504 plan and IHP, Plaintiffs emailed Defendant Martin requesting an out-of-district placement for I.K. Defendant Martin responded acknowledging the request but never acted upon it.

77.    On September 19, 2023, following a telephone conference with this Court, a City of Trussville police officer arrived at the Plaintiffs' home to conduct an alleged welfare check of I.K. on behalf of DHR. The officer stated that he was there to "check" on I.K. and would not disclose who from DHR had sent him, stating only that "DHR sent me." Plaintiff Michael Kidd informed the officer that he could not see I.K. and only to return if there was a warrant or pick-up order.

78.    On September 22, 2023, three DHR employees, including Defendant

Foy, arrived at Plaintiffs' home to conduct some kind of check on I.K., stating that

DHR had received reports of domestic violence and drug use at Plaintiffs' home,

that I.K.'s diabetic needs were not being met, and that I.K. had been withdrawn from

school. Such allegations are patently false and wholly without merit. Plaintiffs were

forced to withdraw I.K. from Trussville City Board of Education and enroll her in a

homeschool program for her safety due to Defendants' deliberate indifference

toward I.K.'s health and safety, their failure to accommodate I.K., and their

retaliation against the Plaintiffs. Plaintiff Michael Kidd again informed DHR that

they could not see I.K. and to return only if DHR had a valid pick-up order. DHR

again would not disclose who made the allegations. The Plaintiffs later conducted

interviews with DHR and submitted to drug tests through DHR, and the allegations

against the Plaintiffs were found to be false, and the DHR investigation was closed.

79.    Upon information and belief, Defendant Moman was the State of

Alabama Department of Human Resources supervisor who sent the Trussville police

officer and directed the State of Alabama Department of Human Resources

employees, including Defendant Foy, to Plaintiffs' home to investigate the false

reports and undertake the investigation in the manner in which they did.

80.    Plaintiffs contend that the Defendants intentionally made false

allegations to DHR in retaliation for this lawsuit and unlawfully weaponized DHR

against Plaintiffs, as no one except Defendants knew that I.K. had been withdrawn

from Trussville City Board of Education.

81.    Plaintiffs further allege that the State of Alabama Department of Human Resources, through the above-described actions at the direction of Defendant Moman, acted willfully, illegally, and in bad faith during the investigation into Plaintiffs. Plaintiffs base this allegation on the following:

a.  According to the DHR website, "Please call your County Department of Human Resources or local law enforcement agency to report suspected abuse or neglect. Do not send reports of suspected abuse or neglect via email." By investigating allegations made by anonymous email, DHR violated its own policy regarding reports of suspected abuse or neglect.

b.  Code of Alabama § 26-14-6.1 specifies whether a law enforcement agency or DHR is to investigate a report. In this case, it should have been DHR, not the Trussville Police Department, that investigated the report. Therefore, DHR violated 26-14-6.1 by sending a Trussville police officer to investigate the Plaintiffs initially.

c.  Admin. Code Ch. R 660-5-34-.04 states: Child welfare staff shall respond immediately, i.e., as soon as possible after a

report is received, but no later than twelve (12) hours from receipt of the intake information, when the intake information indicates serious harm will likely occur within twenty-four (24) hours. This provision is applicable given that I.K. is a type 1 diabetic, and DHR stated there was a complaint of medical neglect. In this case, DHR did not respond within the twelve-hour (12) timeframe as required by R 660-5-34-04 and did not send DHR investigators to contact the Plaintiffs for over twenty-four (24) hours after the complaint was allegedly made.

d. The DHR Reporting Instructions draws from Code of Alabama §§ 26-14-1-13 and states that a report may be made by any person "if that person has reasonable cause" to suspect that a child is being abused or neglected. In this case, Plaintiffs have shown that was never the case, demonstrating that the report was nothing more than additional retaliation for Plaintiffs' filing of this action.

e. The DHR Code 660-5-34-.05 states in part: " (1) The following standards for conducting CA/N assessments on child abuse/neglect reports must be followed. Any deviations

from these standards must have supervisory consultation and approval.". " (a) Contacts with Law Enforcement. Each County Department must have a written working agreement on procedures for handling child abuse and neglect investigations with the Law enforcement agency holding jurisdiction in the county. Law enforcement officers may <u>accompany</u> DHR workers on home visits when information indicates that safety may be an issue." (emphasis added). Here, DHR did not follow its own rules. DHR instead initially sent a Trussville police officer to conduct a DHR investigation, not to accompany DHR investigators.

f.  660-5-31 (1.) further states: "If the worker is refused access to a child for interview or observation purposes, a court order may be sought to obtain <u>access</u> to the child." (emphasis added). Here, DHR did not follow this procedure as stated in the manual and instead threatened Plaintiffs with a pick-up order removing Plaintiffs' children from their custody.

82.    The Defendants have a habit and/or practice of allowing and condoning violations of students' First Amendment, Fourth Amendment, and Fourteenth Amendment rights and/or practice of allowing and condoning discrimination and

retaliation against its students and their parents for engaging in constitutionally protected activities and activities protected by federal law.

## STATEMENT OF PLAINTIFFS' CLAIMS

### COUNT ONE
### VIOLATION OF CONSTITUTIONAL RIGHTS UNDER THE FIRST AMENDMENT OF THE UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983 AGAINST ALL DEFENDANTS

83.    Plaintiffs hereby adopt and re-allege paragraphs one (1) through eighty-two (82) as if fully set forth herein.

84.    By and through their conduct as described herein and acting under color of state law to deprive Plaintiffs of their right to freedom of speech under the First Amendment as applied to the states under the Fourteenth Amendment to the United States Constitution. Defendants are liable for violations of 42 U.S.C. § 1983, which prohibits the deprivation, under color of state law, of rights secured under the United States Constitution.

85.    As Chief of the Trussville Police Department, Defendant Rush is the department head, established police department and City of Trussville policy, and his acts and edicts, as described herein, may fairly aid to represent the official policy of the City of Trussville.

86.    As Superintendent of the Trussville City Board of Education, Defendant Neill was the department head, established Trussville City Board of Education policy, and her acts and edicts, as described herein, may fairly aid to

represent the official policy of the Trussville City Board of Education.

87.    As Superintendent of the Trussville City Board of Education, Defendant Martin is the department head, establishes Trussville City Board of Education policy, and his acts and edicts, as described herein, may fairly aid to represent the official policy of the Trussville City Board of Education.

88.    As a supervisor with the State of Alabama Department of Human Resources, Defendant Brittney Moman's acts and edicts, as described herein, may fairly aid to represent the official policy of the State of Alabama Department of Human Resources.

89.    The acts of each of the Defendants were such that would deter a person of ordinary firmness from exercising his or her rights under the First Amendment to the United States Constitution, namely:

> a. Issuing a meritless trespass from I.K.'s school against Plaintiff Michael Kidd. (Defendants Trussville City Board of Education, Tyner, Antonio, Filetti, Rush, Dillon, and Neill)
>
> b. Threatening a further trespass from all Trussville City Board of Education property. (Defendants City of Trussville, Trussville City Board of Education, and Rush)
>
> c. Falsifying a police report, as described above, that was designed to unlawfully trespass Plaintiff Michael Kidd from

I.K.'s school. (Defendants City of Trussville, Trussville City Board of Education, Tyner, Antonio, Filetti, Rush, Dillon, and Neill)

d. Forcing Plaintiffs to adhere to a different pickup and drop-off procedure than other parents and students. (Defendants City of Trussville, Trussville City Board of Education, Tyner, Rosetta, Antonio, and Neill)

e. Preventing Plaintiffs from communicating directly with the school nurse regarding I.K.'s diabetes treatment. (Defendants Trussville City Board of Education, Tyner, Rosetta, and Neill)

f. Intentionally making false allegations to DHR in retaliation for the lawsuit and unlawfully weaponizing DHR against the Plaintiffs. (Defendants City of Trussville, Trussville City Board of Education, Rush, Martin, Poovey, Meads, Rosetta)

g. Preventing I.K. from using her mobile phone for her diabetes management in violation of her 504 plan. (Defendants Trussville City Board of Education, Poovey, Neill, Martin, Tyner, Meads, Brown, Brymer, and Rosetta)

h. Conducting an illegal search and seizure of I.K.'s phone

without reasonable cause. (Defendant Rosetta)

i.  Acting deliberately indifferent toward the risks presented to I.K.'s health and safety by their violations of I.K.'s 504 plan, IHP, and rights. (Defendants City of Trussville, Trussville City Board of Education, Poovey, Neill, Martin, Tyner, Meads, Brown, Brymer, Rosetta, Rush, Antonio, and Morrison)

j.  Refusing to allow Michael Kidd to attend field trips with I.K. (Defendants City of Trussville, Trussville City Board of Education, Rosetta, Tyner, Rush, Brymer, and Neill)

k.  Failing to update I.K.'s IHP and 504 plan for the 2022-2023 school year. (Defendants Trussville City Board of Education, Poovey, Neill, Tyner, Rosetta, and Brymer)

l.  Preventing I.K. from attending school for the 2022-2023 school year. (Defendants Trussville City Board of Education, Poovey, Neill, Martin, Tyner, Brown, Brymer, and Rosetta)

m.  Limiting I.K.'s attendance at school events by placing unnecessary and burdensome restrictions on I.K.'s attendance. (Defendants Trussville City Board of Education, Tyner, and Martin)

n. Willfully failing to investigate Plaintiffs' Americans with Disabilities Act (ADA) Complaint. (Defendants Trussville City Board of Education, Poovey, and Neill)

o. Threatening Plaintiffs with wrongful arrest and harassment if they continued to assert their rights under federal law and the United States Constitution. (Defendants City of Trussville and Rush)

p. Preventing Plaintiffs from communicating directly with I.K.'s teachers and their son's teachers and coaches, preventing I.K. from receiving a public education. (Defendants Trussville City Board of Education, Brymer, Neill, Martin, Rosetta, and Poovey)

q. Attempting to force Plaintiffs to sign a "communication plan" that would force them to communicate with Trussville City Board of Education and its staff through their attorney, a restriction with which no other Trussville City Board of Education parents were required to comply. (Defendants Trussville City Board of Education, Poovey, and Brymer)

r. Preventing I.K. from attending school for the 2023-2024 school year. (Defendants City of Trussville, Trussville City

Board of Education, Poovey, Martin, Meads, Brown, Brymer, and Rosetta)

s.  Creating a hostile school environment for I.K. in the form of false accusations of improper usage of I.K.'s phone for diabetes management. (Defendants City of Trussville, Trussville City Board of Education, Poovey, Neill, Martin, Tyner, Meads, Brown, Brymer, Rosetta, Rush, Antonio, and Morrison)

t.  Wrongfully designating I.K.'s absences from school as unexcused when they are due to diabetes-related issues. (Defendants Trussville City Board of Education, Martin, Meads, and Poovey)

u.  Threatening Plaintiffs with prosecution for truancy after wrongfully designating I.K.'s absences from school as unexcused when they are due to diabetes-related issues. (Defendants Trussville City Board of Education, Martin, Meads)

v.  Intentionally making false allegations to DHR in retaliation for the lawsuit and unlawfully weaponizing DHR against the Plaintiffs. (Defendants City of Trussville, Trussville City

Board of Education, Poovey, Neill, Martin, Tyner, Meads, Brown, Brymer, Rosetta, and Rush)

w. Willfully failing to abide by Code of Alabama § 26-14-6.1 in their investigation of Plaintiffs by sending a City of Trussville police officer to investigate the initial complaint against Plaintiffs (Defendants State of Alabama Department of Human Resources and Moman)

x. Willfully failing to respond to the complaint against Plaintiffs within 12 hours as required by Alabama Admin. Code Ch. Rule 660-5-34-.04. (Defendants State of Alabama Department of Human Resources, Moman, and Foy)

y. Willfully failing to accompany the City of Trussville police officer to investigate the initial complaint against Plaintiffs as required by Alabama Admin. Code Ch. Rule 660-5-34-.05. (Defendants State of Alabama Department of Human Resources, Moman, and Foy)

z. Willfully threatening Plaintiffs with a pick-up order removing their children from their custody rather than complying with Ala. Admin. Code Rule 660-5-31 (1.) (Defendants State of Alabama Department of Human Resources, Moman, and

Foy)

90.    Plaintiffs are now suffering and will continue to suffer irreparable injury from Defendants' unlawful conduct and unlawful policies and practices as set forth herein unless enjoined by this Court.

91.    Plaintiffs have suffered embarrassment, humiliation, shame, damage to reputation, mental distress, and emotional and physical pain and anguish as a consequence of Defendants' unlawful conduct and unlawful policies and practices.

**COUNT TWO**
**VIOLATION OF CONSTITUTIONAL RIGHTS UNDER THE FOURTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983 AGAINST DEFENDANT STEPHANIE ROSETTA**

92.    Plaintiffs hereby adopt and re-allege paragraphs one (1) through eighty-two (82) as if fully set forth herein.

93.    By and through her conduct as described herein and acting under color of state law to deprive Plaintiffs of their right to freedom of speech under the Fourth Amendment as applied to the states under the Fourteenth Amendment to the United States Constitution. Defendant Stephanie Rosetta is also liable for violations of 42 U.S.C. § 1983, which prohibits the deprivation, under color of state law, of rights secured under the United States Constitution.

94.    Defendant Stephanie Rosetta, an employee of Trussville City Board of Education and a state actor, violated I.K.'s right against unreasonable searches and seizures, secured under the Fourth Amendment to the United States Constitution, by

seizing I.K.'s cell phone without reasonable grounds and attempting to force I.K. to unlock the cell phone.

95.    Plaintiffs are now suffering and will continue to suffer irreparable injury from Defendant Rosetta's unlawful conduct as set forth herein unless enjoined by this Court.

96.    Plaintiffs have suffered embarrassment, humiliation, shame, damage to reputation, mental distress, and emotional and physical pain and anguish as a consequence of Defendant Rosetta's unlawful conduct.

<u>COUNT THREE</u>
<u>VIOLATION OF CONSTITUTIONAL RIGHTS UNDER THE
FOURTEENTH AMENDMENT OF THE UNITED STATES
CONSTITUTION AND 42 U.S.C. 1983 AGAINST ALL DEFENDANTS</u>

97.    Plaintiffs hereby adopt and re-allege paragraphs one (1) through eighty-two (82) as if fully set forth herein.

98.    By and through their conduct as described herein and acting under color of state law to deprive Plaintiffs of their rights under the Equal Protection Clause and Due Process Clause of the Fourteenth Amendment to the United States Constitution. Defendants are liable for violations of 42 U.S.C. § 1983, which prohibits the deprivation, under color of state law, of rights secured under the United States Constitution.

99.    I.K. has a clearly established federal right under state and federal statutory and constitutional law to equal access to all benefits and privileges of a

public education and a right to be free of discrimination on the basis of her disability in school.

100.  I.K. had a clearly established liberty interest in her bodily integrity protected by the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

101.  As Chief of the Trussville Police Department, Defendant Rush is the department head, established police department and City of Trussville policy, and his acts and edicts, as described herein, may fairly aid to represent the official policy of the City of Trussville.

102.  As Superintendent of the Trussville City Board of Education, Defendant Neill was the department head, established Trussville City Board of Education policy, and her acts and edicts, as described herein, may fairly aid to represent the official policy of the Trussville City Board of Education.

103.  As Superintendent of the Trussville City Board of Education, Defendant Martin is the department head, establishes Trussville City Board of Education policy, and his acts and edicts, as described herein, may fairly aid to represent the official policy of the Trussville City Board of Education.

104.  As a supervisor with the State of Alabama Department of Human Resources, Defendant Brittney Moman's acts and edicts, as described herein, may fairly aid to represent the official policy of the State of Alabama Department of

Human Resources.

105.  Each of the Defendants, acting under color of law and with knowledge of I.K.'s established rights, violated I.K.'s right to equal access to education, her right to be free of discrimination on the basis of her disability in school, and her liberty interest in her bodily integrity through the following conduct:

a.  Issuing a meritless trespass from I.K.'s school against Plaintiff Michael Kidd. (Defendants Trussville City Board of Education, Tyner, Antonio, Filetti, Rush, Dillon, and Neill)

b.  Threatening a further trespass from all Trussville City Board of Education property. (Defendants City of Trussville, Trussville City Board of Education, and Rush)

c.  Falsifying a police report, as described above, that was designed to unlawfully trespass Plaintiff Michael Kidd from I.K.'s school. (Defendants City of Trussville, Trussville City Board of Education, Tyner, Antonio, Filetti, Rush, Dillon, and Neill)

d.  Forcing Plaintiffs to adhere to a different pickup and drop-off procedure than other parents and students. (Defendants City of Trussville, Trussville City Board of Education, Tyner, Rosetta, Antonio, and Neill)

e.  Preventing Plaintiffs from communicating directly with the school nurse regarding I.K.'s diabetes treatment. (Defendants Trussville City Board of Education, Tyner, Rosetta, and Neill)

f.  Intentionally making false allegations to DHR in retaliation for the lawsuit and unlawfully weaponizing DHR against the Plaintiffs. (Defendants City of Trussville, Trussville City Board of Education, Rush, Martin, Poovey, Meads, Rosetta)

g.  Failing to provide accommodations for I.K. so that I.K. could return to school for the period of January 19, 2022 – February 9, 2022. (Defendant Trussville City Board of Education, Neill, Tyner, Rosetta, and Poovey)

h.  Preventing I.K. from using her mobile phone for her diabetes management in violation of her 504 plan. (Defendants Trussville City Board of Education, Poovey, Neill, Martin, Tyner, Meads, Brown, Brymer, and Rosetta)

i.  Conducting an illegal search and seizure of I.K.'s phone without reasonable cause. (Defendant Rosetta)

j.  Acting deliberately indifferent toward the risks presented to I.K.'s health and safety by their violations of I.K.'s 504 plan,

IHP, and rights. (Defendants City of Trussville, Trussville City Board of Education, Poovey, Neill, Martin, Tyner, Meads, Brown, Brymer, Rosetta, Rush, Antonio, and Morrison)

k.  Refusing to allow Michael Kidd to attend field trips with I.K. (Defendants Trussville City Board of Education, Rosetta, and Neill)

l.  Failing to update I.K.'s IHP and 504 plan for the 2022-2023 school year. (Defendants Trussville City Board of Education, Poovey, Neill, Tyner, Rosetta, and Brymer)

m. Preventing I.K. from attending school for the 2022-2023 school year. (Defendants Trussville City Board of Education, Poovey, Neill, Martin, Tyner, Brown, Brymer, and Rosetta)

n.  Limiting I.K.'s attendance at school events by placing unnecessary and burdensome restrictions on I.K.'s attendance. (Defendants Trussville City Board of Education, Tyner, and Martin)

o.  Willfully failing to investigate Plaintiffs' Americans with Disabilities Act (ADA) Complaint. (Defendants Trussville City Board of Education, Poovey, and Neill)

p.  Threatening Plaintiffs with wrongful arrest and harassment if they continued to assert their rights under federal law and the United States Constitution. (Defendants City of Trussville and Rush)

q.  Preventing Plaintiffs from communicating directly with I.K.'s teachers and their son's teachers and coaches, preventing I.K. from receiving a public education. (Defendants Trussville City Board of Education, Brymer, Neill, Martin, Rosetta, and Poovey)

r.  Attempting to force Plaintiffs to sign a "communication plan" that would force them to communicate with Trussville City Board of Education and its staff through their attorney, a restriction with which no other Trussville City Board of Education parents were required to comply. (Defendants Trussville City Board of Education, Poovey, and Brymer)

s.  Failing to adhere to I.K.'s 504 plan and IHP for the 2023-2024 school year. (Defendants City of Trussville, Trussville City Board of Education, Poovey, Martin, Meads, Brown, Brymer, and Rosetta)

t.  Preventing I.K. from attending school for the 2023-2024

school year. (Defendants City of Trussville, Trussville City Board of Education, Poovey, Martin, Meads, Brown, Brymer, and Rosetta)

u. Denying I.K.'s accommodation request to have her at-home teacher accompany her to begin the school year to provide emotional and psychological support for I.K. (Defendants Trussville City Board of Education, Martin, Poovey, and Brymer)

v. Requiring I.K. to complete schoolwork and assignments when I.K.'s blood glucose levels are at a dangerously high level. (Defendants Trussville City Board of Education, Martin, Meads, and Poovey)

w. Sending I.K. to the nurse's office unaccompanied when I.K.'s blood glucose levels are at a dangerously high level. (Defendants Trussville City Board of Education, Martin, Meads, and Poovey)

x. Refusing to provide I.K. with an out-of-district placement. (Defendants Trussville City Board of Education and Martin)

y. Creating a hostile school environment for I.K. in the form of false accusations of improper usage of I.K.'s phone for

diabetes management. (Defendants Trussville City Board of Education, Poovey, Martin, Meads, Brown, and Rosetta)

z.  Wrongfully designating I.K.'s absences from school as unexcused when they are due to diabetes-related issues. (Defendants Trussville City Board of Education, Martin, Meads, and Poovey)

aa. Threatening Plaintiffs with prosecution for truancy after wrongfully designating I.K.'s absences from school as unexcused when they are due to diabetes-related issues. (Defendants Trussville City Board of Education, Martin, Meads)

bb. Intentionally making false allegations to DHR in retaliation for the lawsuit and unlawfully weaponizing DHR against the Plaintiffs. (Defendants City of Trussville, Trussville City Board of Education, Poovey, Neill, Martin, Tyner, Meads, Brown, Brymer, Rosetta, and Rush)

cc. Willfully failing to abide by Code of Alabama § 26-14-6.1 in their investigation of Plaintiffs by sending a City of Trussville police officer to investigate the initial complaint against Plaintiffs (Defendants State of Alabama Department of

Human Resources and Moman)

dd. Willfully failing to respond to the complaint against Plaintiffs within 12 hours as required by Alabama Admin. Code Ch. Rule 660-5-34-.04. (Defendants State of Alabama Department of Human Resources, Moman, and Foy)

ee. Willfully failing to accompany the City of Trussville police officer to investigate the initial complaint against Plaintiffs as required by Alabama Admin. Code Ch. Rule 660-5-34-.05. (Defendants State of Alabama Department of Human Resources, Moman, and Foy)

ff. Willfully threatening Plaintiffs with a pick-up order removing their children from their custody rather than complying with Ala. Admin. Code Rule 660-5-31 (1.) (Defendants State of Alabama Department of Human Resources, Moman, and Foy)

106.    Plaintiffs are now suffering and will continue to suffer irreparable injury from Defendants' unlawful conduct and unlawful policies and practices as set forth herein unless enjoined by this Court.

107.    Plaintiffs have suffered embarrassment, humiliation, shame, damage to reputation, mental distress, and emotional and physical pain and anguish as a

consequence of Defendants' unlawful conduct and unlawful policies and practices.

## COUNT FOUR
## CONSPIRACY TO VIOLATE CIVIL RIGHTS UNDER 42 U.S.C. § 1985
## AGAINST ALL DEFENDANTS

108.   Plaintiffs hereby adopt and re-allege paragraphs one (1) through eighty-two (82) as if fully set forth herein.

109.   Pursuant to 42 U.S.C. § 1985(3), it is unlawful to enter into a conspiracy to deprive any person of the rights and privileges of a citizen of the United States, and each participant is liable for damages resulting from said conspiracy.

110.   Plaintiffs have a clearly established right to free speech under the First Amendment as applied to the states under the Fourteenth Amendment to the United States Constitution, which was clearly established at the times of the conduct complained of herein.

111.   I.K. has a clearly established right to be secure in her person and effects against unreasonable searches and seizures under the Fourth Amendment as applied to the states under the Fourteenth Amendment to the United States Constitution, which was clearly established at the times of the conduct complained of herein.

112.   Plaintiffs have a clearly established federal right under state and federal statutory and constitutional law to equal access to all benefits and privileges of a public education, a right to be free of discrimination on the basis of disability in school, and liberty interest in I.K.'s bodily integrity.

113.   Defendants, acting in concert with one another and others, knew or should have known that the aforementioned rights were clearly established.

114.   As Chief of the Trussville Police Department, Defendant Rush is the department head, established police department and City of Trussville policy, and his acts and edicts, as described herein, may fairly aid to represent the official policy of the City of Trussville.

115.   As Superintendent of the Trussville City Board of Education, Defendant Neill was the department head, established Trussville City Board of Education policy, and her acts and edicts, as described herein, may fairly aid to represent the official policy of the Trussville City Board of Education.

116.   As Superintendent of the Trussville City Board of Education, Defendant Martin is the department head, establishes Trussville City Board of Education policy, and his acts and edicts, as described herein, may fairly aid to represent the official policy of the Trussville City Board of Education.

117.   As a supervisor with the State of Alabama Department of Human Resources, Defendant Brittney Moman's acts and edicts, as described herein, may fairly aid to represent the official policy of the State of Alabama Department of Human Resources.

118.   Defendants, acting in concert with one another and others, confederated and conspired to deprive Plaintiffs of the aforementioned rights in violation of 42

U.S.C. § 1985(3) through the following conduct:

    a.  Conspiring to issue a meritless trespass from I.K.'s school against Plaintiff Michael Kidd. (Defendants Trussville City Board of Education, City of Trussville, Tyner, Antonio, Filetti, Rush, Dillon, and Neill)

    b.  Conspiring to threaten a further trespass from all Trussville City Board of Education property. (Defendants City of Trussville, Trussville City Board of Education, Tyner, Neill, Rosetta, and Rush)

    c.  Conspiring to falsify a police report, as described above, that was designed to unlawfully trespass Plaintiff Michael Kidd from I.K.'s school. (Defendants City of Trussville, Trussville City Board of Education, Tyner, Antonio, Filetti, Rush, Dillon, and Neill)

    d.  Conspiring to force Plaintiffs to adhere to a different pickup and drop-off procedure than other parents and students. (Defendants City of Trussville, Trussville City Board of Education, Tyner, Rosetta, Antonio, Rush, Filetti, Dillon, and Neill)

    e.  Conspiring to prevent Plaintiffs from communicating directly

with the school nurse regarding I.K.'s diabetes treatment. (Defendants Trussville City Board of Education, Tyner, Rosetta, and Neill)

f.  Conspiring to make false allegations to DHR in retaliation for the lawsuit and unlawfully weaponizing DHR against the Plaintiffs. (Defendants City of Trussville, Trussville City Board of Education, Rush, Martin, Poovey, Meads, Rosetta)

g.  Conspiring to fail to provide accommodations for I.K. so that I.K. could return to school for the period of January 19, 2022 – February 9, 2022. (Defendant Trussville City Board of Education, Neill, Tyner, Rosetta, and Poovey)

h.  Conspiring to prevent I.K. from using her mobile phone for her diabetes management in violation of her 504 plan. (Defendants Trussville City Board of Education, Poovey, Neill, Martin, Tyner, Meads, Brown, Brymer, and Rosetta)

i.  Conspiring to conduct an illegal search and seizure of I.K.'s phone without reasonable cause. (Defendants Trussville City Board of Education, Neill, and Rosetta)

j.  Conspiring to act deliberately indifferent toward the risks presented to I.K.'s health and safety by their violations of

I.K.'s 504 plan, IHP, and rights. (Defendants City of Trussville, Trussville City Board of Education, Poovey, Neill, Martin, Tyner, Meads, Brown, Brymer, Rosetta, Rush, Antonio, and Morrison)

k.  Conspiring to refuse to allow Michael Kidd to attend field trips with I.K. (Defendants Trussville City Board of Education, Rosetta, and Neill)

l.  Conspiring to fail to update I.K.'s IHP and 504 plan for the 2022-2023 school year. (Defendants Trussville City Board of Education, Poovey, Neill, Tyner, Rosetta, and Brymer)

m.  Conspiring to prevent I.K. from attending school for the 2022-2023 school year. (Defendants Trussville City Board of Education, Poovey, Neill, Martin, Tyner, Brown, Brymer, and Rosetta)

n.  Conspiring to limit I.K.'s attendance at school events by placing unnecessary and burdensome restrictions on I.K.'s attendance. (Defendants Trussville City Board of Education, Tyner, and Martin)

o.  Conspiring to fail to investigate Plaintiffs' Americans with Disabilities Act (ADA) Complaint. (Defendants Trussville

City Board of Education, Poovey, and Neill)

p.   Conspiring to threaten Plaintiffs with wrongful arrest and harassment if they continued to assert their rights under federal law and the United States Constitution. (Defendants City of Trussville and Rush)

q.   Conspiring to prevent Plaintiffs from communicating directly with I.K.'s teachers and their son's teachers and coaches, preventing I.K. from receiving a public education. (Defendants Trussville City Board of Education, Brymer, Neill, Martin, Rosetta, and Poovey)

r.   Conspiring to attempt to force Plaintiffs to sign a "communication plan" that would force them to communicate with Trussville City Board of Education and its staff through their attorney, a restriction with which no other Trussville City Board of Education parents were required to comply. (Defendants Trussville City Board of Education, Poovey, and Brymer)

s.   Conspiring to fail to adhere to I.K.'s 504 plan and IHP for the 2023-2024 school year. (Defendants City of Trussville, Trussville City Board of Education, Poovey, Martin, Meads,

Brown, Brymer, and Rosetta)

t.  Conspiring to prevent I.K. from attending school for the 2023-2024 school year. (Defendants City of Trussville, Trussville City Board of Education, Poovey, Martin, Meads, Brown, Brymer, and Rosetta)

u.  Conspiring to deny I.K.'s accommodation request to have her at-home teacher accompany her to begin the school year to provide emotional and psychological support for I.K. (Defendants Trussville City Board of Education, Martin, Poovey, and Brymer)

v.  Conspiring to require I.K. to complete schoolwork and assignments when I.K.'s blood glucose levels are at a dangerously high level. (Defendants Trussville City Board of Education, Martin, Meads, and Poovey)

w.  Conspiring to send I.K. to the nurse's office unaccompanied when I.K.'s blood glucose levels are at a dangerously high level. (Defendants Trussville City Board of Education, Martin, Meads, and Poovey)

x.  Conspiring to refuse to provide I.K. with an out-of-district placement. (Defendants Trussville City Board of Education

and Martin)

y.  Conspiring to create a hostile school environment for I.K. in the form of false accusations of improper usage of I.K.'s phone for diabetes management. (Defendants City of Trussville, Trussville City Board of Education, Poovey, Neill, Martin, Tyner, Meads, Brown, Brymer, Rosetta, Rush, Antonio, and Morrison)

z.  Conspiring to wrongfully designate I.K.'s absences from school as unexcused when they are due to diabetes-related issues. (Defendants Trussville City Board of Education, Martin, Meads, and Poovey)

aa. Conspiring to threaten Plaintiffs with prosecution for truancy after wrongfully designating I.K.'s absences from school as unexcused when they are due to diabetes-related issues. (Defendants Trussville City Board of Education, Martin, Meads)

bb. Conspiring to intentionally make false allegations to DHR in retaliation for the lawsuit and unlawfully weaponizing DHR against the Plaintiffs. (Defendants City of Trussville, Trussville City Board of Education, Poovey, Neill, Martin,

Tyner, Meads, Brown, Brymer, Rosetta, and Rush)

cc. Conspiring to willfully fail to abide by Code of Alabama §
26-14-6.1 in their investigation of Plaintiffs by sending a City
of Trussville police officer to investigate the initial complaint
against Plaintiffs (Defendants State of Alabama Department
of Human Resources and Moman)

dd. Conspiring to willfully fail to respond to the complaint
against Plaintiffs within 12 hours as required by Alabama
Admin. Code Ch. Rule 660-5-34-.04. (Defendants State of
Alabama Department of Human Resources, Moman, and
Foy)

ee. Conspiring to willfully fail to accompany the City of
Trussville police officer to investigate the initial complaint
against Plaintiffs as required by Alabama Admin. Code Ch.
Rule 660-5-34-.05. (Defendants State of Alabama
Department of Human Resources, Moman, and Foy)

ff. Conspiring to willfully threaten Plaintiffs with a pick-up
order removing their children from their custody rather than
complying with Ala. Admin. Code Rule 660-5-31 (1.)
(Defendants State of Alabama Department of Human

Resources, Moman, and Foy)

119.    Plaintiffs are now suffering and will continue to suffer irreparable injury from Defendants' unlawful conspiracy to deprive Plaintiffs of their civil rights as set forth herein unless enjoined by this Court.

120.    Plaintiffs have suffered embarrassment, humiliation, shame, damage to reputation, mental distress, and emotional and physical pain and anguish as a consequence of Defendants' unlawful conspiracy to deprive Plaintiffs of their civil rights.

**COUNT FIVE**
**NEGLECT TO PREVENT VIOLATION OF CIVIL RIGHTS UNDER 42**
**U.S.C. 1986**
**AGAINST ALL DEFENDANTS**

121.    Plaintiffs hereby adopt and re-allege paragraphs one (1) through eighty-two (82) as if fully set forth herein.

122.    Pursuant to 42 U.S.C. § 1986, a person who has knowledge of a conspiracy to violate civil rights under § 1985 and has the power to prevent or aid in preventing the commission of wrongful acts is liable for damages if he fails or refuses to do so.

123.    As Chief of the Trussville Police Department, Defendant Rush is the department head, established police department and City of Trussville policy, and his acts and edicts, as described herein, may fairly aid to represent the official policy of the City of Trussville.

124.   As Superintendent of the Trussville City Board of Education, Defendant Neill was the department head, established Trussville City Board of Education policy, and her acts and edicts, as described herein, may fairly aid to represent the official policy of the Trussville City Board of Education.

125.   As Superintendent of the Trussville City Board of Education, Defendant Martin is the department head, establishes Trussville City Board of Education policy, and his acts and edicts, as described herein, may fairly aid to represent the official policy of the Trussville City Board of Education.

126.   As a supervisor with the State of Alabama Department of Human Resources, Defendant Brittney Moman's acts and edicts, as described herein, may fairly aid to represent the official policy of the State of Alabama Department of Human Resources.

127.   Each and every Defendant had knowledge of the conspiracy to deprive Plaintiffs of their civil rights and had the power to prevent or aid in preventing the commission of the following wrongful acts made the subject of the conspiracy:

> a. Issuing a meritless trespass from I.K.'s school against Plaintiff Michael Kidd. (Defendants Trussville City Board of Education, Tyner, Antonio, Filetti, Rush, Dillon, and Neill)
>
> b. Threatening a further trespass from all Trussville City Board of Education property. (Defendants City of Trussville and

Rush)

c.  Falsifying a police report, as described above, that was designed to unlawfully trespass Plaintiff Michael Kidd from I.K.'s school. (Defendants City of Trussville, Trussville City Board of Education, Tyner, Antonio, Filetti, Rush, Dillon, and Neill)

d.  Forcing Plaintiffs to adhere to a different pickup and drop-off procedure than other parents and students. (Defendants City of Trussville, Trussville City Board of Education, Tyner, Rosetta, Antonio, and Neill)

e.  Preventing Plaintiffs from communicating directly with the school nurse regarding I.K.'s diabetes treatment. (Defendants Trussville City Board of Education, Tyner, and Neill)

f.  Intentionally making false allegations to DHR in retaliation for the lawsuit and unlawfully weaponizing DHR against the Plaintiffs. (Defendants City of Trussville, Trussville City Board of Education, Rush, Martin, Poovey, Meads, Rosetta)

g.  Failing to provide accommodations for I.K. so that I.K. could return to school for the period of January 19, 2022 – February 9, 2022. (Defendant Trussville City Board of Education,

Neill, Tyner, Rosetta, and Poovey)

h.  Preventing I.K. from using her mobile phone for her diabetes management in violation of her 504 plan. (Defendants Trussville City Board of Education, Poovey, Neill, Martin, Tyner, Meads, Brown, Brymer, and Rosetta)

i.  Conducting an illegal search and seizure of I.K.'s phone without reasonable cause. (Defendant Rosetta)

j.  Acting deliberately indifferent toward the risks presented to I.K.'s health and safety by their violations of I.K.'s 504 plan, IHP, and rights. (Defendants City of Trussville, Trussville City Board of Education, Poovey, Neill, Martin, Tyner, Meads, Brown, Brymer, Rosetta, Rush, Antonio, and Morrison)

k.  Refusing to allow Michael Kidd to attend field trips with I.K. (Defendants Trussville City Board of Education, Rosetta, and Neill)

l.  Failing to update I.K.'s IHP and 504 plan for the 2022-2023 school year. (Defendants Trussville City Board of Education, Poovey, Neill, Tyner, Rosetta, and Brymer)

m. Preventing I.K. from attending school for the 2022-2023

school year. (Defendants Trussville City Board of Education, Poovey, Neill, Martin, Tyner, Brown, Brymer, and Rosetta)

n. Limiting I.K.'s attendance at school events by placing unnecessary and burdensome restrictions on I.K.'s attendance. (Defendants Trussville City Board of Education, Tyner, and Martin)

o. Willfully failing to investigate Plaintiffs' Americans with Disabilities Act (ADA) Complaint. (Defendants Trussville City Board of Education, Poovey, and Neill)

p. Threatening Plaintiffs with wrongful arrest and harassment if they continued to assert their rights under federal law and the United States Constitution. (Defendants City of Trussville and Rush)

q. Preventing Plaintiffs from communicating directly with I.K.'s teachers and their son's teachers and coaches, preventing I.K. from receiving a public education. (Defendants Trussville City Board of Education, Brymer, Neill, Martin, Rosetta, and Poovey)

r. Attempting to force Plaintiffs to sign a "communication plan" that would force them to communicate with Trussville City

Board of Education and its staff through their attorney, a restriction with which no other Trussville City Board of Education parents were required to comply. (Defendants Trussville City Board of Education, Poovey, and Brymer)

s.  Failing to adhere to I.K.'s 504 plan and IHP for the 2023-2024 school year. (Defendants City of Trussville, Trussville City Board of Education, Poovey, Martin, Meads, Brown, Brymer, and Rosetta)

t.  Preventing I.K. from attending school for the 2023-2024 school year. (Defendants City of Trussville, Trussville City Board of Education, Poovey, Martin, Meads, Brown, Brymer, and Rosetta)

u.  Denying I.K.'s accommodation request to have her at-home teacher accompany her to begin the school year to provide emotional and psychological support for I.K. (Defendants Trussville City Board of Education, Martin, Poovey, and Brymer)

v.  Requiring I.K. to complete schoolwork and assignments when I.K.'s blood glucose levels are at a dangerously high level. (Defendants Trussville City Board of Education,

Martin, Meads, and Poovey)

w. Sending I.K. to the nurse's office unaccompanied when I.K.'s blood glucose levels are at a dangerously high level. (Defendants Trussville City Board of Education, Martin, Meads, and Poovey)

x. Refusing to provide I.K. with an out-of-district placement. (Defendants Trussville City Board of Education and Martin)

y. Creating a hostile school environment for I.K. in the form of false accusations of improper usage of I.K.'s phone for diabetes management. (Defendants City of Trussville, Trussville City Board of Education, Poovey, Neill, Martin, Tyner, Meads, Brown, Brymer, Rosetta, Rush, Antonio, and Morrison)

z. Wrongfully designating I.K.'s absences from school as unexcused when they are due to diabetes-related issues. (Defendants Trussville City Board of Education, Martin, Meads, and Poovey)

aa. Threatening Plaintiffs with prosecution for truancy after wrongfully designating I.K.'s absences from school as unexcused when they are due to diabetes-related issues.

(Defendants Trussville City Board of Education, Martin, Meads)

bb. Intentionally making false allegations to DHR in retaliation for the lawsuit and unlawfully weaponizing DHR against the Plaintiffs. (Defendants City of Trussville, Trussville City Board of Education, Poovey, Neill, Martin, Tyner, Meads, Brown, Brymer, Rosetta, and Rush)

cc. Willfully failing to abide by Code of Alabama § 26-14-6.1 in their investigation of Plaintiffs by sending a City of Trussville police officer to investigate the initial complaint against Plaintiffs (Defendants State of Alabama Department of Human Resources and Moman)

dd. Willfully failing to respond to the complaint against Plaintiffs within 12 hours as required by Alabama Admin. Code Ch. Rule 660-5-34-.04. (Defendants State of Alabama Department of Human Resources, Moman, and Foy)

ee. Willfully failing to accompany the City of Trussville police officer to investigate the initial complaint against Plaintiffs as required by Alabama Admin. Code Ch. Rule 660-5-34-.05. (Defendants State of Alabama Department of Human

Resources, Moman, and Foy)

ff. Willfully threatening Plaintiffs with a pick-up order removing their children from their custody rather than complying with Ala. Admin. Code Rule 660-5-31 (1.) (Defendants State of Alabama Department of Human Resources, Moman, and Foy)

128.  Each Defendant could have prevented or aided in preventing the above-described wrongful acts by refusing to participate in them and the continued retaliation against Plaintiffs and refusal to comply with federal law. Defendants also could have prevented or aided in preventing the above-described wrongful acts by reporting the same to the Alabama Department of Education or the United States Department of Education.

129.  Despite having the power to prevent or aid in preventing the above-described wrongful acts made the subject of the conspiracy, each and every Defendant failed to do so.

130.  Plaintiffs are now suffering and will continue to suffer irreparable injury from Defendants' unlawful conspiracy to deprive Plaintiffs of their civil rights and Defendants' failure to prevent or aid in preventing the wrongful acts made the subject of the conspiracy as set forth herein unless enjoined by this Court.

131.  As a result of Defendants' failure to prevent or aid in preventing the

wrongful acts made the subject of the conspiracy, Plaintiffs have suffered embarrassment, humiliation, shame, damage to reputation, mental distress, and emotional and physical pain and anguish.

## COUNT SIX
## PLAINTIFFS' CLAIMS OF DISABILITY DISCRIMINATION IN VIOLATION OF SECTION 504 OF THE REHABILITATION ACT OF 1973 AGAINST TRUSSVILLE CITY BOARD OF EDUCATION

132.   Plaintiffs hereby adopt and re-allege paragraphs one (1) through eighty-two (82) as if fully set forth herein.

133.   Under section 504 of the Rehabilitation Act, a public school district that receives federal funds must provide reasonable accommodations to a student with a disability to ensure that the student is not "excluded from the participation in," "denied the benefits of," or "subjected to discrimination" in public education "solely by reason of her or his disability." 29 U.S.C. § 794(a)

134.   Trussville City Board of Education is a public school district that receives federal funds.

135.   I.K. is a qualified individual with a disability due to her Type 1 diabetes.

136.   The Defendant Trussville City Board of Education has discriminated against I.K. by failing to provide accommodations for I.K. in violation of section 504 of the Rehabilitation Act by:

        a.   Failing to provide accommodations for I.K. so that I.K. could return to school for the period of January 19, 2022 – February

9, 2022. (Defendant Trussville City Board of Education, Neill, Tyner, Rosetta, and Poovey)

b. Preventing I.K. from using her mobile phone for her diabetes management in violation of her 504 plan. (Defendants Trussville City Board of Education, Poovey, Neill, Martin, Tyner, Meads, Brown, Brymer, and Rosetta)

c. Conducting an illegal search and seizure of I.K.'s phone without reasonable cause. (Defendant Rosetta)

d. Acting deliberately indifferent toward the risks presented to I.K.'s health and safety by their violations of I.K.'s 504 plan, IHP, and rights. (Defendants City of Trussville, Trussville City Board of Education, Poovey, Neill, Martin, Tyner, Meads, Brown, Brymer, Rosetta, Rush, Antonio, and Morrison)

e. Refusing to allow Michael Kidd to attend field trips with I.K. (Defendants Trussville City Board of Education, Rosetta, and Neill)

f. Failing to update I.K.'s IHP and 504 plan for the 2022-2023 school year. (Defendants Trussville City Board of Education, Poovey, Neill, Tyner, Rosetta, and Brymer)

g. Preventing I.K. from attending school for the 2022-2023 school year. (Defendants Trussville City Board of Education, Poovey, Neill, Martin, Tyner, Brown, Brymer, and Rosetta)

h. Limiting I.K.'s attendance at school events by placing unnecessary and burdensome restrictions on I.K.'s attendance. (Defendants Trussville City Board of Education, Poovey, Neill, Martin, Rosetta, Tyner, Meads)

i. Preventing Plaintiffs from communicating directly with I.K.'s teachers and their son's teachers and coaches, preventing I.K. from receiving a public education. (Defendants Trussville City Board of Education, Brymer, Neill, Martin, Rosetta, and Poovey)

j. Failing to adhere to I.K.'s 504 plan and IHP for the 2023-2024 school year. (Defendants City of Trussville, Trussville City Board of Education, Poovey, Martin, Meads, Brown, Brymer, and Rosetta)

k. Preventing I.K. from attending school for the 2023-2024 school year. (Defendants City of Trussville, Trussville City Board of Education, Poovey, Martin, Meads, Brown, Brymer, and Rosetta)

l.  Denying I.K.'s accommodation request to have her at-home teacher accompany her to begin the school year to provide emotional and psychological support for I.K. (Defendants Trussville City Board of Education, Martin, Poovey, and Brymer)

m. Requiring I.K. to complete schoolwork and assignments when I.K.'s blood glucose levels are at a dangerously high level. (Defendants Trussville City Board of Education, Martin, Meads, and Poovey)

n.  Sending I.K. to the nurse's office unaccompanied when I.K.'s blood glucose levels are at a dangerously high level. (Defendants Trussville City Board of Education, Martin, Meads, and Poovey)

o.  Creating a hostile school environment for I.K. in the form of false accusations of improper usage of I.K.'s phone for diabetes management. (Defendants City of Trussville, Trussville City Board of Education, Poovey, Neill, Martin, Tyner, Meads, Brown, Brymer, Rosetta, Rush, Antonio, and Morrison)

p.  Wrongfully designating I.K.'s absences from school as

unexcused when they are due to diabetes-related issues.
(Defendants Trussville City Board of Education, Martin,
Meads, and Poovey)

137.    Plaintiffs are now suffering and will continue to suffer irreparable injury from Defendants' unlawful conduct, unlawful policies and practices, and unlawful failure to accommodate I.K.'s disability as set forth herein unless enjoined by this Court.

138.    Plaintiffs have suffered embarrassment, humiliation, shame, damage to reputation, mental distress, and emotional and physical pain and anguish as a consequence of Defendants' unlawful conduct, unlawful policies and practices, and unlawful failure to accommodate I.K.'s disability.

**COUNT SEVEN**
**PLAINTIFFS' CLAIMS OF RETALIATION IN VIOLATION OF THE REHABILITATION ACT OF 1973 AGAINST DEFENDANTS TRUSSVILLE CITY BOARD OF EDUCATION, ERIC RUSH, ROBERT ANTONIO, CITY OF TRUSSVILLE, JOY TYNER, PATTIE NEILL, PATRICK M. MARTIN, STEPHANIE ROSETTA, RACHEL POOVEY, ADAM FILETTI, PHIL DILLON, JARED MEADS, KATHY BROWN, MICHAEL BRYMER, AND LAURIE MORRISON**

139.    Plaintiffs hereby adopt and re-allege paragraphs one (1) through eighty-two (82) as if fully set forth herein.

140.    Section 504 of the Rehabilitation Act prohibits anyone from interfering with the exercise of rights granted by the law to individuals with disabilities. Section 504 incorporates the anti-retaliation provision of Title VI of the Civil Rights Act of

1964, which "prohibits recipients from intimidating, threatening, coercing, or discriminating against any individual for the purpose of interfering with any right or privilege . . . or because he has made a complaint, testified, assisted, or participated in any manner in an investigation, proceeding or hearing under this part." 34 C.F.R. §104.61 and 34 C.F.R. §100.7(e)

141.    Each of the Defendants named herein have retaliated against Plaintiffs for enforcing their rights in violation of section 504 of the Rehabilitation Act by:

a. Issuing a meritless trespass from I.K.'s school against Plaintiff Michael Kidd. (Defendants Trussville City Board of Education, Tyner, Antonio, Filetti, Rush, Dillon, and Neill)

b. Threatening a further trespass from all Trussville City Board of Education property. (Defendants City of Trussville and Rush)

c. Falsifying a police report, as described above, that was designed to unlawfully trespass Plaintiff Michael Kidd from I.K.'s school. (Defendants City of Trussville, Trussville City Board of Education, Tyner, Antonio, Filetti, Rush, Dillon, and Neill)

d. Forcing Plaintiffs to adhere to a different pickup and drop-off procedure than other parents and students. (Defendants City

of Trussville, Trussville City Board of Education, Tyner, Rosetta, Antonio, and Neill)

e. Preventing Plaintiffs from communicating directly with the school nurse regarding I.K.'s diabetes treatment. (Defendants Trussville City Board of Education, Tyner, and Neill)

f. Intentionally making false allegations to DHR in retaliation for the lawsuit and unlawfully weaponizing DHR against the Plaintiffs. (Defendants City of Trussville, Trussville City Board of Education, Rush, Martin, Poovey, Meads, Rosetta)

g. Failing to provide accommodations for I.K. so that I.K. could return to school for the period of January 19, 2022 – February 9, 2022. (Defendant Trussville City Board of Education, Neill, Tyner, Rosetta, and Poovey)

h. Preventing I.K. from using her mobile phone for her diabetes management in violation of her 504 plan. (Defendants Trussville City Board of Education, Poovey, Neill, Martin, Tyner, Meads, Brown, Brymer, and Rosetta)

i. Conducting an illegal search and seizure of I.K.'s phone without reasonable cause. (Defendant Rosetta)

j. Acting deliberately indifferent toward the risks presented to

I.K.'s health and safety by their violations of I.K.'s 504 plan, IHP, and rights. (Defendants City of Trussville, Trussville City Board of Education, Poovey, Neill, Martin, Tyner, Meads, Brown, Brymer, Rosetta, Rush, Antonio, and Morrison)

k. Refusing to allow Michael Kidd to attend field trips with I.K. (Defendants Trussville City Board of Education, Rosetta, and Neill)

l. Failing to update I.K.'s IHP and 504 plan for the 2022-2023 school year. (Defendants Trussville City Board of Education, Poovey, Neill, Tyner, Rosetta, and Brymer)

m. Preventing I.K. from attending school for the 2022-2023 school year. (Defendants Trussville City Board of Education, Poovey, Neill, Martin, Tyner, Brown, Brymer, and Rosetta)

n. Limiting I.K.'s attendance at school events by placing unnecessary and burdensome restrictions on I.K.'s attendance. (Defendants Trussville City Board of Education, Tyner, and Martin)

o. Willfully failing to investigate Plaintiffs' Americans with Disabilities Act (ADA) Complaint. (Defendants Trussville

City Board of Education, Poovey, and Neill)

p.  Threatening Plaintiffs with wrongful arrest and harassment if
they continued to assert their rights under federal law and the
United States Constitution. (Defendants City of Trussville
and Rush)

q.  Preventing Plaintiffs from communicating directly with I.K.'s
teachers and their son's teachers and coaches, preventing I.K.
from receiving a public education. (Defendants Trussville
City Board of Education, Brymer, Neill, Martin, Rosetta, and
Poovey)

r.  Attempting to force Plaintiffs to sign a "communication plan"
that would force them to communicate with Trussville City
Board of Education and its staff through their attorney, a
restriction with which no other Trussville City Board of
Education parents were required to comply. (Defendants
Trussville City Board of Education, Poovey, and Brymer)

s.  Failing to adhere to I.K.'s 504 plan and IHP for the 2023-2024
school year. (Defendants City of Trussville, Trussville City
Board of Education, Poovey, Martin, Meads, Brown, Brymer,
and Rosetta)

t.  Preventing I.K. from attending school for the 2023-2024 school year. (Defendants City of Trussville, Trussville City Board of Education, Poovey, Martin, Meads, Brown, Brymer, and Rosetta)

u.  Denying I.K.'s accommodation request to have her at-home teacher accompany her to begin the school year to provide emotional and psychological support for I.K. (Defendants Trussville City Board of Education, Martin, Poovey, and Brymer)

v.  Requiring I.K. to complete schoolwork and assignments when I.K.'s blood glucose levels are at a dangerously high level. (Defendants Trussville City Board of Education, Martin, Meads, and Poovey)

w.  Sending I.K. to the nurse's office unaccompanied when I.K.'s blood glucose levels are at a dangerously high level. (Defendants Trussville City Board of Education, Martin, Meads, and Poovey)

x.  Refusing to provide I.K. with an out-of-district placement. (Defendants Trussville City Board of Education and Martin)

y.  Creating a hostile school environment for I.K. in the form of

false accusations of improper usage of I.K.'s phone for diabetes management. (Defendants City of Trussville, Trussville City Board of Education, Poovey, Neill, Martin, Tyner, Meads, Brown, Brymer, Rosetta, Rush, Antonio, and Morrison)

z. Wrongfully designating I.K.'s absences from school as unexcused when they are due to diabetes-related issues. (Defendants Trussville City Board of Education, Martin, Meads, and Poovey)

aa. Threatening Plaintiffs with prosecution for truancy after wrongfully designating I.K.'s absences from school as unexcused when they are due to diabetes-related issues. (Defendants Trussville City Board of Education, Martin, Meads)

bb. Intentionally making false allegations to DHR in retaliation for the lawsuit and unlawfully weaponizing DHR against the Plaintiffs. (Defendants City of Trussville, Trussville City Board of Education, Poovey, Neill, Martin, Tyner, Meads, Brown, Brymer, Rosetta, and Rush)

142.   All of the acts alleged herein were taken against the Plaintiffs after they

advocated for I.K.'s right to education free from discrimination and were done so because Plaintiffs asserted their rights under Federal law.

143.    Plaintiffs are now suffering and will continue to suffer irreparable injury from Defendants' unlawful conduct and unlawful policies and practices as set forth herein unless enjoined by this Court.

144.    Plaintiffs have suffered embarrassment, humiliation, shame, damage to reputation, mental distress, and emotional and physical pain and anguish as a consequence of Defendants' lawful conduct and unlawful policies and practices.

### COUNT EIGHT
### PLAINTIFFS' CLAIMS OF DISABILITY DISCRIMINATION IN VIOLATION OF THE INDIVIDUALS WITH DISABILITIES IN EDUCATION ACT AGAINST TRUSSVILLE CITY BOARD OF EDUCATION

145.    The Plaintiffs hereby adopt and re-allege paragraphs one (1) through eighty-two (82) as if fully set forth herein.

146.    The IDEA ensures that "children with disabilities have available to them a free appropriate public education that emphasizes special education and related services designed to meet their unique needs and prepare them for further education, employment, and independent living . . . ." 20 U.S.C. § 1400(d)(1)(A). Under the IDEA, a "child with a disability" may be a child with an intellectual or learning disability or a child with a serious emotional disturbance or a health impairment who, by virtue of the disability, "needs special education and related

services." 20 U.S.C. § 1401(3)(A).

147.    As alleged herein, the Defendant Trussville City Board of Education has failed to provide I.K. with a free appropriate education in violation of the IDEA by:

    a.  Failing to provide accommodations for I.K. so that I.K. could return to school for the period of January 19, 2022 – February 9, 2022. (Defendant Trussville City Board of Education, Neill, Tyner, Rosetta, and Poovey)

    b.  Preventing I.K. from using her mobile phone for her diabetes management in violation of her 504 plan. (Defendants Trussville City Board of Education, Poovey, Neill, Martin, Tyner, Meads, Brown, Brymer, and Rosetta)

    c.  Conducting an illegal search and seizure of I.K.'s phone without reasonable cause. (Defendant Rosetta)

    d.  Acting deliberately indifferent toward the risks presented to I.K.'s health and safety by their violations of I.K.'s 504 plan, IHP, and rights. (Defendants City of Trussville, Trussville City Board of Education, Poovey, Neill, Martin, Tyner, Meads, Brown, Brymer, Rosetta, Rush, Antonio, and Morrison)

e. Refusing to allow Michael Kidd to attend field trips with I.K. (Defendants Trussville City Board of Education, Rosetta, and Neill)

f. Failing to update I.K.'s IHP and 504 plan for the 2022-2023 school year. (Defendants Trussville City Board of Education, Poovey, Neill, Tyner, Rosetta, and Brymer)

g. Preventing I.K. from attending school for the 2022-2023 school year. (Defendants Trussville City Board of Education, Poovey, Neill, Martin, Tyner, Brown, Brymer, and Rosetta)

h. Limiting I.K.'s attendance at school events by placing unnecessary and burdensome restrictions on I.K.'s attendance. (Defendants Trussville City Board of Education, Poovey, Neill, Martin, Rosetta, Tyner, Meads)

i. Preventing Plaintiffs from communicating directly with I.K.'s teachers and their son's teachers and coaches, preventing I.K. from receiving a public education. (Defendants Trussville City Board of Education, Brymer, Neill, Martin, Rosetta, and Poovey)

j. Failing to adhere to I.K.'s 504 plan and IHP for the 2023-2024 school year. (Defendants City of Trussville, Trussville City

Board of Education, Poovey, Martin, Meads, Brown, Brymer, and Rosetta)

k. Preventing I.K. from attending school for the 2023-2024 school year. (Defendants City of Trussville, Trussville City Board of Education, Poovey, Martin, Meads, Brown, Brymer, and Rosetta)

l. Denying I.K.'s accommodation request to have her at-home teacher accompany her to begin the school year to provide emotional and psychological support for I.K. (Defendants Trussville City Board of Education, Martin, Poovey, and Brymer)

m. Requiring I.K. to complete schoolwork and assignments when I.K.'s blood glucose levels are at a dangerously high level. (Defendants Trussville City Board of Education, Martin, Meads, and Poovey)

n. Sending I.K. to the nurse's office unaccompanied when I.K.'s blood glucose levels are at a dangerously high level. (Defendants Trussville City Board of Education, Martin, Meads, and Poovey)

o. Creating a hostile school environment for I.K. in the form of

false accusations of improper usage of I.K.'s phone for diabetes management. (Defendants City of Trussville, Trussville City Board of Education, Poovey, Neill, Martin, Tyner, Meads, Brown, Brymer, Rosetta, Rush, Antonio, and Morrison)

p. Wrongfully designating I.K.'s absences from school as unexcused when they are due to diabetes-related issues. (Defendants Trussville City Board of Education, Martin, Meads, and Poovey)

148.  Plaintiffs are now suffering and will continue to suffer irreparable injury from Defendants' unlawful conduct and unlawful policies and practices as set forth herein unless enjoined by this Court.

149.  Plaintiffs have suffered embarrassment, humiliation, shame, damage to reputation, mental distress, and emotional and physical pain and anguish as a consequence of Defendants' unlawful conduct and unlawful policies and practices.

## COUNT NINE
## PLAINTIFFS' CLAIMS OF DISABILITY DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT AGAINST TRUSSVILLE CITY BOARD OF EDUCATION

150.  The Plaintiffs hereby adopt and re-allege paragraphs one (1) through eighty-two (82) as if fully set forth herein.

151.  Title II of the Americans with Disabilities Act of 1990 (ADA) prohibits

discrimination based on disability by public entities, regardless of whether they receive federal financial assistance. Title II states: "[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."

152.    I.K. is a qualified individual with a disability due to her Type 1 diabetes.

153.    The Defendant Trussville City Board of Education has discriminated against I.K. by failing to provide accommodations for I.K. in violation of the Americans with Disabilities Act by:

      a.  Failing to provide accommodations for I.K. so that I.K. could return to school for the period of January 19, 2022 – February 9, 2022. (Defendant Trussville City Board of Education, Neill, Tyner, Rosetta, and Poovey)

      b.  Preventing I.K. from using her mobile phone for her diabetes management in violation of her 504 plan. (Defendants Trussville City Board of Education, Poovey, Neill, Martin, Tyner, Meads, Brown, Brymer, and Rosetta)

      c.  Conducting an illegal search and seizure of I.K.'s phone without reasonable cause. (Defendant Rosetta)

      d.  Acting deliberately indifferent toward the risks presented to

I.K.'s health and safety by their violations of I.K.'s 504 plan, IHP, and rights. (Defendants City of Trussville, Trussville City Board of Education, Poovey, Neill, Martin, Tyner, Meads, Brown, Brymer, Rosetta, Rush, Antonio, and Morrison)

e.  Refusing to allow Michael Kidd to attend field trips with I.K. (Defendants Trussville City Board of Education, Rosetta, and Neill)

f.  Failing to update I.K.'s IHP and 504 plan for the 2022-2023 school year. (Defendants Trussville City Board of Education, Poovey, Neill, Tyner, Rosetta, and Brymer)

g.  Preventing I.K. from attending school for the 2022-2023 school year. (Defendants Trussville City Board of Education, Poovey, Neill, Martin, Tyner, Brown, Brymer, and Rosetta)

h.  Limiting I.K.'s attendance at school events by placing unnecessary and burdensome restrictions on I.K.'s attendance. (Defendants Trussville City Board of Education, Poovey, Neill, Martin, Rosetta, Tyner, Meads)

i.  Preventing Plaintiffs from communicating directly with I.K.'s teachers and their son's teachers and coaches, preventing I.K.

from receiving a public education. (Defendants Trussville City Board of Education, Brymer, Neill, Martin, Rosetta, and Poovey)

j.  Failing to adhere to I.K.'s 504 plan and IHP for the 2023-2024 school year. (Defendants City of Trussville, Trussville City Board of Education, Poovey, Martin, Meads, Brown, Brymer, and Rosetta)

k.  Preventing I.K. from attending school for the 2023-2024 school year. (Defendants City of Trussville, Trussville City Board of Education, Poovey, Martin, Meads, Brown, Brymer, and Rosetta)

l.  Denying I.K.'s accommodation request to have her at-home teacher accompany her to begin the school year to provide emotional and psychological support for I.K. (Defendants Trussville City Board of Education, Martin, Poovey, and Brymer)

m. Requiring I.K. to complete schoolwork and assignments when I.K.'s blood glucose levels are at a dangerously high level. (Defendants Trussville City Board of Education, Martin, Meads, and Poovey)

n. Sending I.K. to the nurse's office unaccompanied when I.K.'s blood glucose levels are at a dangerously high level. (Defendants Trussville City Board of Education, Martin, Meads, and Poovey)

o. Creating a hostile school environment for I.K. in the form of false accusations of improper usage of I.K.'s phone for diabetes management. (Defendants City of Trussville, Trussville City Board of Education, Poovey, Neill, Martin, Tyner, Meads, Brown, Brymer, Rosetta, Rush, Antonio, and Morrison)

p. Wrongfully designating I.K.'s absences from school as unexcused when they are due to diabetes-related issues. (Defendants Trussville City Board of Education, Martin, Meads, and Poovey)

154. Plaintiffs are now suffering and will continue to suffer irreparable injury from Defendants' unlawful conduct and unlawful policies and practices as set forth herein unless enjoined by this Court.

155. Plaintiffs have suffered embarrassment, humiliation, shame, damage to reputation, mental distress, and emotional and physical pain and anguish as a consequence of Defendants' unlawful conduct and unlawful policies and practices.

**COUNT TEN**
**PLAINTIFFS CLAIMS OF RETALIATION UNDER THE AMERICANS
WITH DISABILITIES ACT AGAINST DEFENDANTS TRUSSVILLE CITY
BOARD OF EDUCATION, ERIC RUSH, ROBERT ANTONIO, CITY OF
TRUSSVILLE, JOY TYNER, PATTIE NEILL, PATRICK M. MARTIN,
STEPHANIE ROSETTA, RACHEL POOVEY, ADAM FILETTI, PHIL
DILLON, JARED MEADS, KATHY BROWN, MICHAEL BRYMER, AND
LAURIE MORRISON**

156.    The Plaintiffs hereby adopt and re-allege paragraphs one (1) through eighty-two (82) as if fully set forth herein.

157.    Each of the named Defendants have retaliated against Plaintiffs for enforcing their rights in violation of the Americans with Disabilities Act by:

   a. Issuing a meritless trespass from I.K.'s school against Plaintiff Michael Kidd. (Defendants Trussville City Board of Education, Tyner, Antonio, Filetti, Rush, Dillon, and Neill)

   b. Threatening a further trespass from all Trussville City Board of Education property. (Defendants City of Trussville and Rush)

   c. Falsifying a police report, as described above, that was designed to unlawfully trespass Plaintiff Michael Kidd from I.K.'s school. (Defendants City of Trussville, Trussville City Board of Education, Tyner, Antonio, Filetti, Rush, Dillon, and Neill)

   d. Forcing Plaintiffs to adhere to a different pickup and drop-off

procedure than other parents and students. (Defendants City of Trussville, Trussville City Board of Education, Tyner, Rosetta, Antonio, and Neill)

e.   Preventing Plaintiffs from communicating directly with the school nurse regarding I.K.'s diabetes treatment. (Defendants Trussville City Board of Education, Tyner, and Neill)

f.   Intentionally making false allegations to DHR in retaliation for the lawsuit and unlawfully weaponizing DHR against the Plaintiffs. (Defendants City of Trussville, Trussville City Board of Education, Rush, Martin, Poovey, Meads, Rosetta)

g.   Failing to provide accommodations for I.K. so that I.K. could return to school for the period of January 19, 2022 – February 9, 2022. (Defendant Trussville City Board of Education, Neill, Tyner, Rosetta, and Poovey)

h.   Preventing I.K. from using her mobile phone for her diabetes management in violation of her 504 plan. (Defendants Trussville City Board of Education, Poovey, Neill, Martin, Tyner, Meads, Brown, Brymer, and Rosetta)

i.   Conducting an illegal search and seizure of I.K.'s phone without reasonable cause. (Defendant Rosetta)

j.  Acting deliberately indifferent toward the risks presented to I.K.'s health and safety by their violations of I.K.'s 504 plan, IHP, and rights. (Defendants City of Trussville, Trussville City Board of Education, Poovey, Neill, Martin, Tyner, Meads, Brown, Brymer, Rosetta, Rush, Antonio, and Morrison)

k.  Refusing to allow Michael Kidd to attend field trips with I.K. (Defendants Trussville City Board of Education, Rosetta, and Neill)

l.  Failing to update I.K.'s IHP and 504 plan for the 2022-2023 school year. (Defendants Trussville City Board of Education, Poovey, Neill, Tyner, Rosetta, and Brymer)

m.  Preventing I.K. from attending school for the 2022-2023 school year. (Defendants Trussville City Board of Education, Poovey, Neill, Martin, Tyner, Brown, Brymer, and Rosetta)

n.  Limiting I.K.'s attendance at school events by placing unnecessary and burdensome restrictions on I.K.'s attendance. (Defendants Trussville City Board of Education, Tyner, and Martin)

o.  Willfully failing to investigate Plaintiffs' Americans with

Disabilities Act (ADA) Complaint. (Defendants Trussville City Board of Education, Poovey, and Neill)

p.  Threatening Plaintiffs with wrongful arrest and harassment if they continued to assert their rights under federal law and the United States Constitution. (Defendants City of Trussville and Rush)

q.  Preventing Plaintiffs from communicating directly with I.K.'s teachers and their son's teachers and coaches, preventing I.K. from receiving a public education. (Defendants Trussville City Board of Education, Brymer, Neill, Martin, Rosetta, and Poovey)

r.  Attempting to force Plaintiffs to sign a "communication plan" that would force them to communicate with Trussville City Board of Education and its staff through their attorney, a restriction with which no other Trussville City Board of Education parents were required to comply. (Defendants Trussville City Board of Education, Poovey, and Brymer)

s.  Failing to adhere to I.K.'s 504 plan and IHP for the 2023-2024 school year. (Defendants City of Trussville, Trussville City Board of Education, Poovey, Martin, Meads, Brown, Brymer,

and Rosetta)

t. Preventing I.K. from attending school for the 2023-2024 school year. (Defendants City of Trussville, Trussville City Board of Education, Poovey, Martin, Meads, Brown, Brymer, and Rosetta)

u. Denying I.K.'s accommodation request to have her at-home teacher accompany her to begin the school year to provide emotional and psychological support for I.K. (Defendants Trussville City Board of Education, Martin, Poovey, and Brymer)

v. Requiring I.K. to complete schoolwork and assignments when I.K.'s blood glucose levels are at a dangerously high level. (Defendants Trussville City Board of Education, Martin, Meads, and Poovey)

w. Sending I.K. to the nurse's office unaccompanied when I.K.'s blood glucose levels are at a dangerously high level. (Defendants Trussville City Board of Education, Martin, Meads, and Poovey)

x. Refusing to provide I.K. with an out-of-district placement. (Defendants Trussville City Board of Education and Martin)

y.  Creating a hostile school environment for I.K. in the form of false accusations of improper usage of I.K.'s phone for diabetes management. (Defendants City of Trussville, Trussville City Board of Education, Poovey, Neill, Martin, Tyner, Meads, Brown, Brymer, Rosetta, Rush, Antonio, and Morrison)

z.  Wrongfully designating I.K.'s absences from school as unexcused when they are due to diabetes-related issues. (Defendants Trussville City Board of Education, Martin, Meads, and Poovey)

aa. Threatening Plaintiffs with prosecution for truancy after wrongfully designating I.K.'s absences from school as unexcused when they are due to diabetes-related issues. (Defendants Trussville City Board of Education, Martin, Meads)

bb. Intentionally making false allegations to DHR in retaliation for the lawsuit and unlawfully weaponizing DHR against the Plaintiffs. (Defendants City of Trussville, Trussville City Board of Education, Poovey, Neill, Martin, Tyner, Meads, Brown, Brymer, Rosetta, and Rush)

158. All of the acts alleged herein were taken against the Plaintiffs after they advocated for I.K.'s right to education free from discrimination and were done so because Plaintiffs asserted their rights under Federal law.

159. Plaintiffs are now suffering and will continue to suffer irreparable injury from Defendants' unlawful conduct and unlawful policies and practices as set forth herein unless enjoined by this Court.

160. Plaintiffs have suffered embarrassment, humiliation, shame, damage to reputation, mental distress, and emotional and physical pain and anguish as a consequence of Defendants' lawful conduct and unlawful policies and practices.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs request that this Court adopt jurisdiction of the action and award Plaintiffs the following relief:

a.     Enter a declaratory judgment that Defendants' policies, practices, conduct, and procedures complained of herein have violated and will continue to violate the rights of the Plaintiffs as secured by the First, Fourth, and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §§ 1983, 1985, and 1986;

b.     Grant Plaintiffs an Order requiring Defendants to make Plaintiffs whole by granting appropriate compensatory damages (including damages for mental anguish), interest, attorney's fees, expenses, and costs;

c.      Grant Plaintiffs an award of punitive damages; and,

d.      Plaintiff prays for such other, further, different, or additional relief and

benefits as justice may require.

Dated this the 13th day of November 2024

Respectfully submitted,

*/s/ Scott Morro*
Scott Morro (ASB-4954-C30M)
Zachary Morro (ASB-0464-D37X)
Attorneys for Plaintiffs
Morro Law Center, LLC
P.O. Box 1644
Gardendale, AL 35071
(205) 631-6301 (office)
morrolawcenter@bellsouth.net

*/s/ P. Anthony Irwin, III*
P. Anthony Irwin, III
(ASB-8889-G00W)
Irwin & Irwin, LLC
Attorney for Plaintiff
P.O. Box 550361
Birmingham, AL 35255
Telephone: (205) 591-0911
anthony@irwinlawyers.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2024 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all parties and attorney(s) of record in this case and to the following parties:

Michael Brymer
Garrick (Rick) L. Stotser
Massey, Stotser, & Nichols, PC
ATTORNEYS FOR CITY OF TRUSSVILLE
1780 Gadsden Highway
Birmingham, Alabama 35235
(205) 838-9006 - Telephone
rstotser@msnattorneys.com
mbrymer@msnattorneys.com

James W. Porter, II
Hobart H. Arnold, III
Porter, Porter & Hassinger, P.C.
ATTORNEYS FOR ERIC RUSH
880 Montclair Road, Suite 175
(205) 322-1744 - Telephone
jwporterii@pphlaw.net
barnold@pphlaw.net

Carl E. Johnson, Jr.
Andrew E. Rudloff
Bishop Colvin, LLC
ATTORNEYS FOR TRUSSVILLE CITY BOARD OF EDUCATION
1910 First Avenue North
Birmingham, AL 35203
205-251-2881 - Telephone
arudloff@bishopcolvin.com
carljohnson@bishopcolvin.com

Jonathan S. Schlenker

STATE OF ALABAMA
DEPARTMENT OF HUMAN
RESOURCES
50 Ripley St., Suite 2122
Birmingham, AL 35202
205-242-9330 – Telephone
Jonathan.schlenker@dhr.alabama.gov

/s/ Scott T. Morro
OF COUNSEL