IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| I.K., a minor, by and through her parents and legal guardians, MICHAEL KIDD AND DENISE KIDD; MICHAEL KIDD, individually,  )<br>)<br>)<br>)<br>)<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>TRUSSVILLE POLICE DEPT., et al.;  )<br>)<br>)<br>Defendants.  ) | CIVIL ACTION NO.:<br>2:23-cv-01163-MHH |

_____

**Trussville City Board of Education's Objection to Plaintiff's Motion for Leave to File Second Amended Complaint**
_____

## I.   Introduction

The Plaintiffs' proposed second amended complaint (doc. 58-1) consists of improper "shotgun pleading," a practice that the 11th Circuit Court of Appeals has long condemned.  Permitting the filing of the proposed complaint against the Defendant Trussville City Board of Education, as the proposed complaint is drafted, will result in undue prejudice to the Board and is futile as to the Board.[1]

---

[1] The Trussville City Board of Education is improperly identified in this suit as "Trussville Board of Education" and "Trussville City Schools," a nonentity.  For purposes of this response, both named defendants are collectively referred to as "the Board."

Thus, the Board respectfully requests that the Court deny the Plaintiff's motion without prejudice to refiling, if desired.

## II.   Law and Argument

A plaintiff may unilaterally amend the plaintiff's complaint in some cases. Fed. R. Civ. P. 15(a)(1). But, when a unilateral amendment is not permitted by rule, the plaintiff must first obtain the opposing party's consent or the district court's permission. Fed. R. Civ. P. 15(a)(2). A plaintiff must explain the substance of the proposed amendment in the plaintiff's motion for leave to amend or, alternatively, attach a copy of the proposed amended complaint to the motion. *Atkins v. McInteer,* 470 F.3d 1350, 1362 (11th Cir. 2006), citing *Long v. Satz,* 181 F.3d 1275 (11th Cir. 1999). There is good reason for this; it gives all a chance to cut off a haphazard amendment that will stymie effective case management.

It is, of course, true that a district court should "freely" grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). But, for good reasons, that operating premise is not unlimited. A district court has discretion to deny a plaintiff's request for leave to amend. *See Pinnacle Advert. & Mktg. Grp., Inc. v. Pinnacle Advert & Mktg. Grp., LLC,* 7 F.4th 989, 1000 (11th Cir. 2021). For instance, a district court may deny leave "(1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments; (2) where allowing amendment would cause undue prejudice to the opposing party;

or (3) where amendment would be futile." *Garcia v. Chiquita Brands Int'l, Inc.,* 48 F.4th 1202, 1220 (11th Cir. 2022) (citations omitted).  For purposes of this rule, an amendment is futile if the proposed complaint would be "properly dismissed or be immediately subject to summary judgment for the defendant." *Cockrell v. Sparks,* 510 F.3d 1307, 1310 (11th Cir. 2007).

All pleadings, whether original or amended, must meet minimum standards. Fed. R. Civ. P. 8(a)(2); 10(b).  To this end, the 11th Circuit has repeatedly battled "shotgun pleading" practices—those submissions that "fail to one degree or another, and in one way or another, to give defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty Sheriff's Office,* 792 F.3d 1313, 1323 (11th Cir. 2015).  One panel has described that battle as a decades-long affair.  *Id*. at 1321 (explaining that *T.D.S. Inc. v. Shelby Mut. Ins. Co.,* 760 F.2d 1520 (11th Cir. 1985) was the Circuit Court's "first shot in what has become a third-year salvo of criticism aimed at shotgun pleadings …."). Indeed, the 11th Circuit's battle persists, today.  Just two weeks ago, a panel of the Circuit Court restated the principles and prohibitions that govern the shotgun-pleading analysis:

> District courts have an inherent power to control their docket.  This includes dismissing a complaint on shotgun pleading grounds. *Id*. These complaints "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts."  There are four main types of shotgun complaints: (1) a complaint where each count

> realleges previous allegations so that "the last count [is] a combination of the entire complaint" and includes large amounts of irrelevant information; (2) a complaint which is "replete with conclusory, vague, and immaterial facts"; (3) a complaint which fails to separate each claim for relief into a different count; and (4) a complaint that alleges multiple claims against multiple defendants in each count, without identifying which defendants are responsible for which claims. We have repeatedly condemned the use of shotgun pleadings because those types of complaints do not provide a short and plain statement of the claim as is required under Rule 8.

*See Julia Mae Robinson, et al. v. The United States of America, et al.,* No. 24-12513, 2024 WL 4866864, at **1-2 (11th Cir. Nov. 22, 2024) (unpublished) (citations omitted).

Here, the Plaintiffs filed an original 35-page complaint that consisted of 68 paragraphs and seven counts. (Doc. 1.) Whether that complaint followed the "true rule"—"Whatever is irrelevant, whatever is non-essential in statement, ought not to be in"—is debatable. *See Weiland,* 792 F.3d at 1316, quoting Logan Bleckley, "Pleading," 3 Ga. Bar Assoc. Report 40, 41-42 (1886) (quotations omitted). But now, almost 15 months after this suit was filed and with no substantive explanation offered as to why efforts to amend were not made earlier, there is no debate. The Plaintiffs propose a 99-page narrative comprised of some 160 numbered paragraphs—not counting subparagraphs—that purport to set forth various violations of federal statutes in a total of 10 counts. (Doc. 58-1.) Each of the separate counts is introduced by "adopt[ing] and re-alleg[ing] paragraphs one (1) through eighty-two (82) as if fully set forth herein." (*Id*.) Paragraphs 1-82 of the

proposed amended complaint purport to provide a granular and predictably partisan account of the events underlying and supporting the supposed statutory violations on which the complaint is based. And the proposed complaint further purports to raise a host of ill-defined *official* capacity claims, which, by operation of law, are presumably intended as claims against the Board itself. *See, e.g., McCarthy v. City of Cordele, Georgia,* 111 F.4th 1141, 1146 (11th Cir. 2024), citing *Mann v. Taser Int'l, Inc.,* 588 F.3d 1291, 1309 (11th Cir. 2009) ("a claim asserted against an individual in his or her official capacity is, in reality, a suit against the entity that employs the individual") (quotations omitted). Thus, the proposed complaint is anything but short and plain, and it hardly qualifies as a "statement" within the meaning of the Federal Civil Rules. Instead, it is a protracted chronicle that far exceeds the length that is permitted for even an initial appellate brief in this Circuit. Fed. R. App. P. 32(a)(7)(A).

The Plaintiffs' incorporation of a 35-page recitation of multifarious, multi-part claims is proffered as a one-size-fits-all predicate for each of the 10 theories of liability, thus squarely offending the cardinal shotgun-pleading rule:

> The amended complaint is an incomprehensible shotgun pleading. It employs a multitude of claims and incorporates by reference all of its factual allegations into each claim, making it nearly impossible for Defendants and the Court to determine with any certainty which factual allegations give rise to which claims for relief. As such, the amended complaint patently violates Federal Rule of Civil Procedure 8, which requires a plaintiff to plead "a short and plain

> statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). At twenty-eight pages long and having incorporated all 123 paragraphs of allegations into all sixteen counts, it is neither "short" nor "plain."

*Jackson v. Bank of Am., N.A.,* 898 F.3d 1348, 1356 (11th Cir. 2018).

The task of connecting the dots between disjointed factual allegations, legal theories, and the role of the Board in supposedly committing or permitting violations of federal law is more than challenging or proper. And, in fact, that task is compounded by the Plaintiffs' reliance upon claims and allegations involving putative acts, errors, and invidious intent ascribed to at least three independent governmental agencies or their employees. Although in places the Plaintiffs make *some* attempt to link particular violations to named defendants, those defendants are, for the most part, simply included in clusters of persons involved in unspecified ways in the commission of broadly described infractions. And, further, there is little to no instructive or otherwise meaningful delineation of the specific role each person played in perpetrating the alleged legal violation.

In short, the proposed complaint as drafted falls squarely within one or more of the 11th Circuit's rough categories of "shotgun pleading." *See Weiland,* 792 F.3d at 1321-23; *Robinson* at **1-2. And if the proposed complaint is permitted to stand, the Board and newly named defendants will effectively be put to the task of converting an amorphous agglomeration of allegations into a manageable

restatement of claim(s) to formulate a response. The Court, itself, will then be required to undertake a similar chore to properly assess claims and defenses.

Under the relevant leave-to-amend standards, the deficiencies in the Plaintiffs' proposed complaint warrants denial of leave for two reasons. *First,* the 11th Circuit prohibits shotgun allegations for many reasons—chief among them is that the practice causes undue delay. *See Cramer v. Florida,* 117 F.3d 1258, 1263 (11th Cir. 1997) ("Shotgun pleadings … exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants …."). And, here, undue delay equates to undue prejudice to the Board. *See Garcia,* 48 F.4th at 1220.

*Second,* permitting an amendment that consists of shotgun pleading allegations is also futile—a district court has authority to dismiss a shotgun pleading because it is a shotgun pleading. *Id*. (a proposed complaint is futile if it would be properly dismissed if filed); *Jackson,* 898 F.3d at 1357 ("This is why we have condemned shotgun pleadings time and gain, and this is why we have repeatedly held that a District Court retains authority to dismiss a shotgun pleading on that basis alone.").

Admittedly, if a pleading is a shotgun pleading, the 11th Circuit has indicated that a district court should first direct repleading, if possible. *Id*. at 1357-58. Of course, the proposed complaint has not yet been filed—the Plaintiffs are

only asking for permission to file it. So, as to the Board, the Plaintiffs' motion may be properly denied without prejudice to refiling. Then, if desired, the Plaintiffs may provide an alternative proposed complaint that is not riddled with shotgun allegations. *Id.* ("Implicit in such a repleading order is the notion that if the plaintiff fails to comply with the court's order—by filing a repleader with the same deficiency—the court should strike his pleading or, depending on the circumstances, dismiss his case …."); *accord Vibe Micro, Inc. v. Shabanets,* 878 F.3d 1291, 1295-96 (11th Cir. 2018) (finding district court does not abuse its discretion in dismissing suit with prejudice after non-compliance with repleading order). While this approach may cause *some* delay, it will be minimal compared to the resulting prejudice if the proposed complaint is filed against the Board as drafted in its shotgun state.

### III. Conclusion

For all of these reasons, the Board respectfully requests that the Court deny the Plaintiffs' motion without prejudice to refiling, if desired.

Dated:  December 2, 2024

Respectfully submitted,

*s/ Carl Johnson*
Carl Johnson
Whit Colvin
Andrew E. Rudloff
BISHOP BROOKS, LLC
1910 First Avenue North
Birmingham, Alabama 35203
Phone : (205) 251-2881
carljohnson@bishopbrooks.com
whitcolvin@bishopbrooks.com
arudloff@bishopbrooks.com
*Counsel for Defendant Trussville Board of Education and Trussville City Schools*

## Certificate of Service

      I hereby certify that there are no known non-CM/ECF participants for mailing by United States Postal Service, and that on December 2, 2024 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

      Respectfully submitted,

      *s/ Carl Johnson*
      Carl Johnson