## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| I.K., a minor, by and through her parents and legal guardians, MICHAEL KIDD AND DENISE KIDD; MICHAEL KIDD, individually, DENISE KIDD, individually | ) ) ) ) ) ) ) |
| **Plaintiffs,** | ) ) |
| **vs.** | ) **CASE NO.: 2:23-cv-01163-MHH** ) |
| ERIC RUSH, et. al., | ) ) |
| **Defendants.** | ) |

## PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITIONS TO MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

COME NOW, Plaintiffs I.K., Michael Kidd, and Denise Kidd, and respond to

the City of Trussville Defendants' Objection to Plaintiffs' Motion for Leave to File

Second Amended Complaint (Doc. 60) and Trussville City Board of Education's

Objection to Plaintiff's Motion for Leave to File Second Amended Complaint (Doc.

61) as follows:

## INTRODUCTION

On July 26, 2024, this Court entered its Memorandum Opinion and Order on

Plaintiffs' First Amended Complaint (Doc. 51). In its Memorandum Opinion and

Order, this Court identified certain correctable deficiencies in Plaintiff's First

Amended Complaint (Doc. 18). Following the entry of this Court's Order, Defendants Eric Rush and Trussville City Board of Education agreed that "Plaintiff should be allowed until November 22, 2024, to join additional parties and to amend the pleadings." (Doc. 55 at ¶ 5(b)). This Court incorporated that agreement into its Scheduling Order on October 22, 2024. (Doc. 56 at ¶ 1). In accordance with that agreement and this Court's Scheduling Order, Plaintiffs drafted an amended complaint and filed their Motion for Leave to File Second Amended Complaint (Doc. 58) on November 13, 2024. Defendants now seek to oppose Plaintiffs' Motion for Leave to File Second Amended Complaint on the grounds of futility. For the reasons outlined below, including the immense interests of justice in this case, Plaintiffs' Motion for Leave to File Second Amended Complaint is not futile and due to be granted.

## ARGUMENT

Under Fed. R. Civ. Proc. 15(a)(2), district courts should "freely give leave when justice so requires." Rule 15(a) liberally permits amendments and "severely restricts" the district court's discretion in order "to facilitate determination of claims on the merits…." *Espey v. Wainwright*, 734 F.2d 748, 750 (11th Cir. 1984) (quoting *Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 594, 597-98 (5th Cir. 1981)). "[U]nless there is substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Id*. (internal quotations omitted).

I.     **Plaintiffs' Second Amended Complaint Is Not Futile As To The City Defendants.**

       i.     *This Court has the discretion to amend or clarify its previous order to be without prejudice for any claims previously dismissed.*

While it is true that the Eleventh Circuit has stated that dismissal without specification is typically treated as an adjudication on the merits, this Court retained jurisdiction to amend or clarify its Memorandum Opinion and Order (Doc. 51) when Defendants agreed to allow Plaintiff the opportunity to amend the pleadings within a certain time, and this Court incorporated that agreement into its Scheduling Order. (Doc. 56 at ¶ 1). When reviewing this issue in the context of whether a dismissal order was final for the purpose of appeal, the Eleventh Circuit held:

> [i]f the plaintiff does not amend the complaint within the time allowed, no amendment may be made absent leave of court, and the dismissal order becomes final at the end of the stated period.

*Schuurman v. Motor Vessel "Betty K V"*, 789 F.2d 442, 445 (11th Cir. 1986); *see also In re United States*, 844 F.2d 1528, 1531 (11th Cir. 1988) (holding that a Court's dismissal of a complaint did not become final until the plaintiff failed to amend within the time allowed by the district court). Additionally, "…the dismissal itself does not automatically terminate the action unless the Court holds either that no amendment is possible or that the dismissal of the complaint also constitutes dismissal of the action." *Czeremcha v. International Asso. Of Machinists & Aerospace Workers*, 724 F.2d 1552, 1554 (11th Cir. 1984).

In the present case, dismissal with prejudice would have only been appropriate

if this Court determined that a more carefully drafted complaint could not state a claim. *Luzinski v. Peabody & Arnold LLP (In re Gosman)*, 2007 U.S. Dist. LEXIS 96324 at *18 (S.D. Fla. 2007) (citing *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1213 (11th Cir. 2001)). That is not the case. Defendants agreed to give Plaitniffs until November 22, 2024, to amend or request to add new parties and amend the pleadings. This Court then incorporated that agreement into its Scheduling Order (Doc. 56 at ¶ 1), and Plaintiffs filed their Motion for Leave to File Second Amended Complaint (Doc. 58) within the time allowed on November 13, 2024. Moreover, Plaintiffs' Second Amended Complaint makes abundantly clear that a more clearly drafted complaint does, in fact, state a claim against Defendants. Plaintiffs have replead and added detail to their allegations regarding what Defendant Antonio fabricated in his police report. Plaintiffs also intend to attach another recording of Defendant Antonio that rebuts the fabrications in the police report used to trespass Plaintiff Michael Kidd from school property when this Court allows them the opportunity to amend.[1] Plaintiffs have also included factual allegations supporting the City of Trussville's vicarious liability, given Defendant Rush's position as the final policymaker for the Trussville Police Department. Due to Defendants' agreement to provide Plaintiffs with time to amend and this Court's Scheduling

---

[1] Plaintiffs are also willing to provide this Court with the recording for the purpose of considering the present motion should this Court request the same.

Order (Doc. 56) incorporating said agreement, this Court should exercise its discretion to amend or clarify its previous order to be without prejudice and allow Plaintiffs to file their Second Amended Complaint against the City Defendants.

> ii. *Plaintiffs' claims against the City Defendants can overcome any qualified immunity possessed by those Defendants.*

Next, the City Defendants seek to assert that Plaintiffs' Second Amended Complaint does not "plausibly [plead] any of [the] claims that [Plaintiffs] seek to assert against the City Defendants." In making this bare statement, these Defendants are making the same kind of conclusory allegation they have accused Plaintiffs of making in past filings. They provide no reason for how or why Plaintiffs have failed to plausibly plead their claims against them in the Second Amended Complaint before pointing to the same qualified immunity argument this Court previously rejected. While it is true that Plaintiffs do not dispute that Defendants were acting within their discretionary authority when they violated Plaintiffs' rights, it is evident through a review of Plaintiffs' Second Amended Complaint that Defendants Rush and Antonio violated Plaintiffs' clearly established rights under the Due Process Clause of the Fourteenth Amendment, the Equal Protection Clause of the Fourteenth Amendment, § 1985 for conspiracy to violate Plaintiffs' civil rights, § 1986 for neglect to prevent a civil rights violation, and Plaintiffs' right to be free from retaliation for the assertion of their rights under the Constitution and the Americans with Disabilities Act.

This Court has already ruled that Defendant Rush's conduct, as alleged in Plaintiffs' Amended Complaint, was sufficient to overcome his qualified immunity. The Court, upon what is likely an imminent motion to dismiss following Plaintiffs' filing of the Second Amended Complaint, will have to determine whether Plaintiffs' rights under the Fourteenth Amendment, § 1985, § 1986, and the Americans with Disabilities Act were "clearly established at the time of the challenged conduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 735 (2009) (internal quotation marks omitted). A law is "clearly established" when it is "sufficiently clear that every reasonable official would understand that what he is doing is unlawful." This can be achieved if Plaintiff can either point to a "materially similar case," showing there is "a broader clearly established principle that should control the novel facts of the situation," or by showing the challenged conduct violated the Constitution so obviously that the plaintiff need not provide prior case law. (Doc. 51, p. 18 at ¶ 2) (quoting *Echols v. Lawton*, 913 F.3d 1313, 1324 (11th Cir. 2019)).

Plaintiff I.K. had a clearly established liberty interest in her bodily integrity, a right to equal access to education, and a right to be free from discrimination on the basis of her disability in school protected by Substantive Due Process and Equal Protection Clauses of the Fourteenth Amendment and Americans with Disabilities Act at the time of the City Defendants' conduct. *See John Does v. Covington Cty. Sch. Bd.*, 884 F. Supp. 462, 466 (M.D. Ala. 1995) (quoting *Doe v. Taylor Indep. Sch.*

*Dist.*, 15 F.3d 443, 445 (5th Cir. 1994)) (finding that a denial of a school board's motion to dismiss was proper when the plaintiffs alleged school officials' knowledge of and deliberate indifference toward the school children); *Nat'l Ass'n of the Deaf v. Florida*, 945 F.3d 1339, 1350 (11th Cir. 2020) (holding that a state's sovereign immunity was abrogated when the state denied a disabled student's right to equal education).[2] Plaintiffs' Second Amended Complaint additionally makes clear that the City Defendants worked in concert with the other Defendants to deprive, retaliate, and coerce Plaintiff I.K. and Plaintiffs Michael and Denise Kidd from exercising and enjoying their rights under the Constitution and the law. As evidenced in Plaintiffs' filings, the City Defendants' actions directly made it harder for I.K. to enjoy an equal education and compromised her bodily integrity by making it harder for her to receive the necessary care and treatment for her diabetes. Plaintiffs have clearly pled facts sufficient to overcome Defendants' qualified immunity at this stage, and this Court should allow Plaintiffs to amend their Complaint so that they may conduct discovery and achieve justice for the wrongful conduct of Defendants.

   iii.   *Plaintiffs' Second Amended Complaint properly asserts vicarious liability claims against the City of Trussville and Trussville City Board of Education.*

Under *Monell*, "[l]ocal governing bodies… can be sued directly under §

---

[2] Plaintiffs believe that the proper time for this Court to fully address the City Defendants' qualified immunity arguments is at the summary judgment stage following discovery, not in opposition to a Motion for Leave to File Second Amended Complaint. *See Covington Cty. Sch. Bd.* 884 F. Supp. at 466.

1983… where, as here, the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). Additionally, "municipal liability may be premised upon a single illegal act by a municipal officer only when the challenged act may fairly be said to represent official policy, <u>such as when that municipal officer possesses final policymaking authority over the relevant subject matter.</u>" *Scala v. City of Winter Park*, 116 F.3d 1396, 1397 (11th Cir. 1997).

Here, Defendant Rush, as chief of the Trussville Police Department, and Defendants Neill and Martin, as superintendents of the Trussville City Board of Education, had clear final policymaking authority for their respective departments. As pled in Plaintiffs' Second Amended Complaint, the City of Trussville's website states, "[t]he Chief makes departmental policy and procedure, as well as overseeing personnel matters." About the Department – City of Trussville (Nov. 13, 2024), https://trussville.org/public-safety/police/about-the-department. Given the City of Trussville's admission on its website that Defendant Rush has final policymaking authority on police department policy and procedure, it cannot now claim in good faith that Defendant Rush is not the final policymaker and that his actions, including the wrongful conduct pled in the Second Amended Complaint, do not serve to represent the policy of the City of Trussville on police matters.

The same is true for the Trussville City Board of Education. The Trussville City Board of Education's policy, found on its website, states that its superintendents "serve as chief executive officer and secretary to the Board" and that superintendents are "authorized to develop and implement such lawful and reasonable rules, regulations, operating procedures, administrative directives, or like measures as are directed to compliance with legal requirements or attainment of the objects of Board policy." Trussville City Board of Education, Board Policy Manual, Policy 2.06, https://simbli.eboardsolutions.com/Policy/ViewPolicy.aspx?S=36031430&revid=F%20gNCn0VYsUBOeuidlLslsh8ew==&ptid=wslshTWplusrMuyEXg1nsCanaL3Q==%20&secid=&PG=6&IRP=0&isPndg=false. This gives the Trussville City Board of Education's superintendent broad authority and discretion to serve as chief executive officer and to develop and implement Trussville City Board of Education policy regarding legal compliance, including the rights Defendants failed and refused to afford Plaintiff I.K., as well as her parents, and achieve the amorphous "objects" of the Board. The superintendent is the final policymaker on such matters, and it would be inapposite for the Trussville City Board of Education to claim this is not the case. Because Defendant Rush and Defendants Neill and Martin served as final policymakers for the City of Trussville and the Trussville City Board of Education, respectively, this Court should allow Plaintiffs' to amend their Complaint and proceed with their vicarious liability claims.

## II. PLAINTIFFS' SECOND AMENDED COMPLAINT IS NOT A SHOTGUN PLEADING.

The purpose of the "shotgun pleading" rule is that complaints should provide defendants with notice as to which allegations of fact are intended to support which claims for relief. *Anderson v. Dist. Bd. of Trustees of Central Fla. Comm'ty Coll.*, 77 F.3d 364, 366 (11th Cir. 1996). Generally, shotgun pleadings fall into four categories. *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321 (11th Cir. 2015). First, when "a complaint contains multiple counts where each adopts the allegations of all preceding counts, causing each successive count to carry all that came before and that count to be a combination of the entire complaint."[3] *Id*. Second, when a complaint is "replete with conclusory, vague, and immaterial facts not obviously connected any particular cause of action." *Id*. at 1322. Third, when a complaint does "not separate into a different count each cause of action or claim for relief."[4] *Id*. at 1323. Fourth, when a "complaint asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id*. Plaintiffs' proposed Second Amended Complaint allows each Defendant to understand which allegations are directed toward it and properly identifies which claims are directed toward which defendants.

---

[3] Upon leave of Court and filing the Second Amended Complaint, Plaintiffs will remove the incorporation paragraphs found at paragraphs 83, 92, 97, 108, 121, 132, 139, 145, 150, 156,

[4] Upon leave of Court, Plaintiffs are willing to include separate prayers for relief under each of their counts.

In its Objection to Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 61), Defendant Trussville City Board of Education makes the conclusory statement that "the proposed complaint as drafted falls squarely within one or more of the 11th Circuit's rough categories of "shotgun pleading." (Doc. 61, p. 6). Defendant accuses Plaintiffs' proposed Second Amended Complaint of containing "disjointed factual allegations," when, in fact, it is Defendant's opposition that is disjointed to the point that Plaintiffs are left to wonder which category(ies) of shotgun pleading Defendant Trussville City Board of Education is attempting to claim the proposed Second Amended Complaint falls. Defendant also attempts to make light of the length of Plaintiffs' proposed Second Amended Complaint, which is a chronological account of the wrongful conduct of Defendants in failing and refusing to provide Plaintiff I.K. with the rights she is entitled to under the Constitution and the law, and their subsequent retaliation when Plaintiffs attempted to assert those rights.[5] All of the facts in Plaintiffs' proposed Second Amended Complaint are relevant and squarely directed at specific Defendants, including Defendant Trussville City Board of Education and its final policymakers, Defendants Neill and Martin, providing more than ample notice as to which claims and allegations Plaintiffs expect it to answer. Moreover, Defendants will suffer no

---

[5] Given that Defendant Trussville City Board of Education was also dissatisfied with Plaintiffs' earlier complaints, one is left to wonder what length or level of detail into the Defendants' wrongful conduct would satisfy it.

undue delay because they are properly on notice of which of Plaintiffs' factual allegations and claims are directed towards them, and their participation in discovery will serve only to allow Plaintiffs to achieve justice for Defendants' wrongful conduct.

Each count of Plaintiffs' proposed Second Amended Complaint also identifies which actions underlie each count and the Defendants Plaintiffs assert participated in those acts. Once again, this places each Defendant on notice as to which facts and claims Plaintiffs expect them to answer. Plaintiff's proposed Second Amended Complaint places each Defendant on notice as to which factual allegations and claims are asserted against each Defendant, in clear compliance with the letter and spirit of the "shotgun pleading" rule. Because Plaintiffs' proposed Second Amended Complaint is not a shotgun pleading, this Court should grant Plaintiffs leave to amend so that they may move forward with discovery and achieve justice for the wrongful conduct of Defendants.

## CONCLUSION

As outlined above, Defendants City of Trussville, Eric Rush, and Robert Antonios' oppositions to Plaintiffs' Motion for Leave to File Second Amended Complaint are without merit and insufficient to overcome the policy of liberal allowance of amendment. It is still well within the discretion of this Court to amend or clarify its previous Order and allow for Plaintiffs to achieve justice for the wrongs

of Defendants. Defendants, while acting within their discretionary authority, violated Plaintiffs' clearly established rights under the Constitution and law and are not entitled to qualified immunity for their actions. Defendants City of Trussville and Trussville City Board of Education are also vicariously liable for the wrongful acts of their final policymakers, which served to represent the policy of those Defendants and violated Plaintiffs' civil rights. Finally, Plaintiffs' proposed Second Amended Complaint is not a shotgun pleading and properly places all Defendants on notice as to which factual allegations and claims Plaintiffs expect them to answer. Therefore, this Court should grant Plaintiffs leave to amend so that they may secure justice for the wrongful conduct of Defendants.

Respectfully submitted,

*/s/ Scott Morro*
Scott Morro (ASB-4954-C30M)
Zachary Morro (ASB-0464-D37X)
Attorneys for Plaintiffs
Morro Law Center, LLC
P.O. Box 1644
Gardendale, AL 35071
(205) 631-6301 (office)
morrolawcenter@bellsouth.net

*/s/ P. Anthony Irwin, III*
P. Anthony Irwin, III
(ASB-8889-G00W)
Irwin & Irwin, LLC
Attorney for Plaintiff
P.O. Box 550361
Birmingham, AL 35255

Telephone: (205) 591-0911
anthony@irwinlawyers.com

**CERTIFICATE OF SERVICE**

I hereby certify that on December 19, 2024 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all parties and attorney(s) of record in this case and to the following parties:

Michael Brymer
Garrick (Rick) L. Stotser
Massey, Stotser, & Nichols, PC
ATTORNEYS FOR CITY OF TRUSSVILLE
1780 Gadsden Highway
Birmingham, Alabama 35235
(205) 838-9006 - Telephone
rstotser@msnattorneys.com
mbrymer@msnattorneys.com

James W. Porter, II
Hobart H. Arnold, III
Porter, Porter & Hassinger, P.C.
ATTORNEYS FOR ERIC RUSH
880 Montclair Road, Suite 175
(205) 322-1744 - Telephone
jwporterii@pphlaw.net
barnold@pphlaw.net

Carl E. Johnson, Jr.
Andrew E. Rudloff
Bishop Colvin, LLC
ATTORNEYS FOR TRUSSVILLE CITY BOARD OF EDUCATION
1910 First Avenue North
Birmingham, AL 35203

205-251-2881 - Telephone
arudloff@bishopcolvin.com
carljohnson@bishopcolvin.com

Jonathan S. Schlenker
STATE OF ALABAMA
DEPARTMENT OF HUMAN
RESOURCES
50 Ripley St., Suite 2122
Birmingham, AL 35202
205-242-9330 – Telephone
Jonathan.schlenker@dhr.alabama.gov

*/s/ P. Anthony Irwin, III*
OF COUNSEL